UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**Attorneys for Plaintiffs:**
Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Phone: (313) 568-6800
Email: cjohn@dykema.com

**Attorneys for Defendants:**
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie M. Stothers (P65344)
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

**DEFENDANT ESTRIN'S MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(2)**

Pursuant to Fed.R.Civ.P. 12(b)(2), Defendant  David Estrin moves for his dismissal from this action based upon the Court's lack of personal jurisdiction over him.

Pursuant to L.R. 7.1,  Estrin's counsel sought concurrence from Plaintiffs' counsel in this motion, and explained the nature of this motion and its legal basis.  Plaintiffs' counsel did not concur in the relief sought.

As set forth in the accompanying brief, Plaintiffs do not satisfy the critical requirements for assertion of personal jurisdiction, i.e., compliance with the relevant long-arm statute, and satisfaction of constitutional due process provisions.

For the reasons stated, all claims alleged against David Estrin should be dismissed.

Respectfully Submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.


By:     /s/ Kevin Kalczynski
        Sharon M. Woods (P22542)
        Kevin Kalczynski (P57929)
        Melonie M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date:  January 12, 2007

f:\docsopen\kkalczynski\l-mot\0329439.01

2

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP, a
Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**Attorneys for Plaintiffs:**
Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, Michigan 48243
Phone: (313) 568-6800
Email: cjohn@dykema.com

**Attorneys for Defendants:**
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

**DEFENDANT ESTRIN'S BRIEF IN SUPPORT OF
HIS MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2)**

**TABLE OF CONTENTS**

MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . iv

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      A.   Michigan Does Not Authorize This Court to Exercise Personal
           Jurisdiction Over David Estrin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           1.   This Court Lacks General Personal Jurisdiction Over Mr. Estrin . . . . . . . 6

           2.   This Court Lacks Limited Personal Jurisdiction Over
                Mr. Estrin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

                a.   Mr. Estrin Has Not "Transacted" Business in Michigan . . . . . . . . 7

                b.   Mr. Estrin Did Not Take Any Action in Michigan Resulting
                     In a Tort . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

                c.   Mr. Estrin Did Not Enter Into a Contract to Provide
                     Services in Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

      B.   Exercising Personal Jurisdiction Over Mr. Estrin Would Violate
           Due Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           1.   Mr. Estrin Did Not Purposely Avail Himself of the Privilege of
                Acting in Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

           2.   Plaintiffs' Causes of Action Against Mr. Estrin Do Not Arise
                From His Activities in Michigan . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

           3.   It is Not Reasonable for this Court to Exercise Jurisdiction
                Over Mr. Estrin . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

                a.   Burden on Mr. Estrin of Litigating in Michigan . . . . . . . . . . . . 15

                b.   Plaintiffs' Interest in Obtaining Convenient and
                     Effective Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

i

c.      The Interstate Judicial System's Interest in
                Obtaining the Most Efficient Resolution of Controversies  . . . . . 16

IV.    CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

ii

## CONCISE STATEMENT OF ALL THE ISSUES PRESENTED

Does this Court have personal jurisdiction over a Canadian attorney whose only personal contacts with Michigan are that:

- The subject of a letter he drafted in Canada and sent to Ohio on behalf of a client would be partially located in Michigan;

- The subject of a hearing he attended in Ohio on behalf of a client would be partially located in Michigan; and

- He visited Michigan three times in his life:

  - First, in 1980 to attend an environmental conference in Ann Arbor,

  - Second, for a meeting with Plaintiffs in 2004 on behalf of another client prior to the attorney's law firm representing Plaintiffs, and

  - Third, for a baseball game in 2005?

  Defendant Estrin answers "No".

  Plaintiffs would answer "Yes".

iii

**MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

*Austad Co. v. Pennie & Edmonds,*
  823 F.2d 223 (8th Cir. 1987)

*Mayes v. Leipziger,*
  674 F.2d 178 (2d Cir. 1982)

*Nikolai v. Strate,*
  922 S.W.2d 229 (Tex. App. 1996)

*OMI Holdings, Inc. v. Royal Ins. Co. of Canada,*
  149 F.3d 1086 (10th Cir. 1998)

*Sher v. Johnson,*
  911 F.2d 1357 (9th Cir. 1990)

*Urbanco, Inc. v. Wood, Lucksinger, & Epstein,*
  1990 U.S. Dist. LEXIS 7646 (W.D. Mich., June 14, 1990)

## I.      INTRODUCTION

The plaintiffs, CenTra, Inc. and Detroit International Bridge Company (collectively "Plaintiffs"), and their affiliate, Canadian Transit Corporation ("CTC"), own the Ambassador Bridge and are attempting to expand it (the "Bridge Plan").  Since at least 2003, the defendants, Gowling Lafleur Henderson LLP ("Gowlings"), a 700-lawyer Canadian law firm, and David Estrin ("Mr. Estrin"), a partner at Gowlings, have represented parties adverse to Plaintiffs and CTC.

In 2004, Mr. Estrin began representing the City of Windsor in connection with the Plaintiffs' and CTC's Bridge Plan.  During that time, Mr. Estrin wrote letters to Plaintiffs and CTC opposing the Bridge Plan on behalf of Windsor.  Mr. Estrin also attended meetings and had conversations with Plaintiffs' and CTC's representatives, again on behalf of Windsor.  In 2005, with full knowledge that Gowlings and Mr. Estrin were currently representing Windsor, CTC retained Gowlings.  Now, Plaintiffs have asserted contract, malpractice, and breach of fiduciary claims against Gowlings and Mr. Estrin based on their simultaneous representation of Windsor and CTC.

Plaintiffs' claims are substantively defective and are subject to a separate motion for summary judgment that is being filed concurrently with this Motion.  This Motion seeks dismissal of the claims against Canadian lawyer David Estrin because this Court does not have personal jurisdiction over him.

## II.     FACTS

Mr. Estrin is a resident of Toronto, where he has lived for 25 years.  He is a partner in the Toronto office of Gowling Lafleur Henderson LLP, which is a Canadian limited liability partnership. He has worked there for over thirty years as an environmental lawyer.  He is not admitted to practice law in Michigan and he has never lived or worked in Michigan.  Mr. Estrin does not personally

1

represent any Michigan clients nor has he solicited business in Michigan.  He never entered a contract to provide services in Michigan and he has no office in Michigan.  He owns no property in the state and he has no bank accounts here.[1]

Since late 2002, Mr. Estrin has represented the City of Windsor on border-crossing truck traffic issues, including Windsor's opposition to CTC and Plaintiffs' plan to expand the Ambassador Bridge and the Bridge Plan's effect on Windsor.[2]  The First Amended Complaint arises from this representation.  Plaintiffs complain that Gowlings and Mr. Estrin are currently representing Windsor adverse to Plaintiffs while others at Gowlings are representing CTC on other matters.[3]  Mr. Estrin has never done any work for CTC, Detroit International Bridge Company ("DIBC"), or CenTra.[4]

Mr. Estrin has only been in Michigan three times in his life.  His first visit was to Ann Arbor in 1980 to attend a conference on environmental issues.  On September 30, 2004, Mr. Estrin visited CTC at its office in Warren as part of a City of Windsor staff delegation to discuss CTC's application for site plan approval for a new bridge inspection booth access area in Windsor.[5]  The site plan was not approved and no conclusion or settlement was reached at that meeting.[6]  His only other trip to this state was to attend the All Star Game at Comerica Park in July 2005.[7]

---

[1] Ex. 1, Estrin Dec.,  ¶¶ 1-10.

[2] *Id.*, ¶ 11.

[3] Ex. 2, First Amended Complaint.

[4] Ex. 1, Estrin Dec., ¶ 12.

[5] Mr. Estrin was served with the Summons and Complaint in this matter while in Cleveland, Ohio and he never consented to service of process in this matter.  *Id.*, ¶¶ 18-19.

[6] *Id.*, ¶ 13.

[7] *Id.*, ¶ 14.

2

Since September 30, 2004, Mr. Estrin's representation of Windsor adverse to CTC's Bridge Plan has occurred exclusively in Windsor and Ohio.[8]  Plaintiffs' specific allegations in their First Amended Complaint relate to a letter written by Mr. Estrin on behalf of the City of Windsor to the United States Coast Guard ("Mr. Estrin's Letter" or the "Letter") and a meeting (the "Meeting") Mr. Estrin attended with the United States Coast Guard ("Coast Guard") on behalf of Windsor.[9]  The Letter was drafted by Mr. Estrin in Canada.  He obtained the information he used to draft the Letter while in Canada.  He sent the Letter to the Coast Guard in Cleveland, Ohio.[10]

The Meeting took place in Cleveland, Ohio.  Mr. Estrin attended the Meeting on behalf of the City of Windsor to explain his assertions in his Letter that the Bridge Plan would adversely affect the City of Windsor.  Neither Mr. Estrin's Letter nor his comments at the Meeting had anything to do with Michigan.  In fact, all of his comments were directly related to the Bridge Plan's effect on Windsor.  Anything he conveyed with respect to Michigan was incidental to his objections regarding the Bridge Plan because of its adverse effects on Windsor.[11]

---

[8] *Id.*, ¶ 15.

[9] Ex. 2, Complaint, ¶¶ 25-37.

[10] Ex. 1, Estrin Dec., ¶ 16.

[11] *Id.*, ¶ 17.

3

## III.    ARGUMENT

It is Plaintiffs' burden to establish that this Court has personal jurisdiction over Mr. Estrin.[12]
To satisfy this burden, Plaintiffs must establish, with reasonable particularity, specific facts showing
that this Court has jurisdiction.[13]

Where, as here, a federal court sits in diversity, the determination of personal jurisdiction
over a nonresident defendant requires a twofold inquiry: (1) whether personal jurisdiction is
authorized by the law of the state in which it sits; and (2) whether exercising personal jurisdiction
comports with the Due Process Clause of the Fourteenth Amendment.[14]   Plaintiffs cannot rely on
personal jurisdiction over Gowlings as a basis of personal jurisdiction over Mr. Estrin.[15]   Plaintiffs
must prove that this Court has personal jurisdiction over Mr. Estrin independent of his relationship
with Gowlings.[16]

In *Sher v. Johnson*, the plaintiffs, California residents, brought a California malpractice suit
against a Florida law firm and its partners for representation of plaintiffs in Florida criminal

---

[12]   *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998).

[13]   *Id.*

[14]   *Neogen Corp.*, *supra*, 282 F.3d at 888.

[15]   *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990); *Tuttle v. Lorillard Tobacco Co.*, 118 F. Supp. 2d 954, 960 (D. Minn. 2000) ("jurisdiction over individual partners depends solely on each partner's relationship with the forum"); *Nikolai v. Strate*, 922 S.W.2d 229, 241 (Tex. App. 1996); *see also Ytuarte v. Gruner + Jahr Printing & Pub. Co.*, 935 F.2d 971, 972-73 (8th Cir. 1991) (personal jurisdiction over individual partners was not found where partnership owned property and produced goods in the forum state).

[16]   *Id.*; *Shaffer v. Heitner*, 433 U.S. 186, 204 n.19, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) (personal jurisdiction depends only upon each individual defendant's relationship with the forum).

4

proceedings.[17]  The Ninth Circuit found that the law firm was subject to specific jurisdiction in California because, *inter alia*, to ensure payment for the representation, the firm required plaintiffs to issue a deed of trust in its favor, encumbering their California home.[18]  However, the Ninth Circuit failed to extend the specific jurisdiction to the individual partners of the firm, finding that "[r]egardless of their joint liability, jurisdiction over each defendant must be established individually."[19]  Since defendant Johnson, a partner of the firm, did not have sufficient contacts with California as an individual, the court did not have specific jurisdiction over him.[20]

In *Nikolai v. Strate*, the plaintiff, a Texas resident, brought a Texas malpractice suit against a Colorado law firm and its partners for representation of plaintiff in Colorado.[21]  The Court of Appeals of Texas found that the law firm was subject to general personal jurisdiction in Texas.[22]  However, it found that the Texas courts had no personal jurisdiction over defendant Strate although he was an officer and shareholder of the firm.  The court found that "a business's contacts may not be imputed to its personnel to establish personal jurisdiction over them."[23]

Like the individual defendant attorneys in *Sher* and *Nikolai*, jurisdiction over Mr. Estrin cannot be based upon this Court having personal jurisdiction over Gowlings.  Plaintiffs must prove

---

[17] *Sher, supra*, 911 F.2d 1357.

[18] *Id.* at 1363.

[19] *Id.* at 1365, *citing Rush v. Savchuk*, 444 U.S. 320, 331-32, 100 S. Ct. 571, 62 L. Ed. 2d 516 (1980) (cannot aggregate contacts of defendants to obtain personal jurisdiction over all defendants).

[20] *Id.* at 1366.

[21] *Nikolai, supra*, 922 S.W.2d 229.

[22] *Id.* at 240.

[23] *Id.* at 241.

that Mr. Estrin's individual contacts with Michigan are sufficient to confer this Court with personal

jurisdiction over him.  Plaintiffs cannot make that showing.

**A.** **Michigan Does Not Authorize This Court to Exercise Personal Jurisdiction Over David Estrin**

**1.** **This Court Lacks General Personal Jurisdiction Over Mr. Estrin**

General personal jurisdiction exists over a person who was present or domiciled in Michigan

when process is served, or who consents to service of process.[24]  Plaintiffs do not allege that Mr.

Estrin is located in Michigan or that he has lived in Michigan.  In fact, Plaintiffs admit in the

Complaint that Mr. Estrin is a "citizen and resident of Canada."[25]  Mr. Estrin's Declaration confirms

that he was not present or domiciled in Michigan nor had he consented to service when process was

served on him.[26]  Therefore, the Court should find that it does not have general personal jurisdiction

over Mr. Estrin.

**2.** **This Court Lacks Limited Personal Jurisdiction Over Mr. Estrin**

Michigan Compiled Laws § 600.705 allows Michigan courts to exercise limited personal

jurisdiction over a non-resident in claims "arising out of an act which creates any of the following

relationships," including "[t]he transaction of any business within the state" under § 600.705(1),

"[t]he doing or causing an act to be done, or consequences to occur, in the state resulting in an action

for tort" under § 600.705(2), or the "[e]ntering into a contract for services to be rendered or for

materials to be furnished in the state by the defendant" under § 600.705(5).  Since Mr. Estrin has not

---

[24] Mich. Comp. Laws § 600.701.

[25] Ex. 2, Complaint, ¶ 2.

[26] Ex. 1, Estrin Dec., ¶¶ 1, 18-19.

transacted business in Michigan, has not caused a tort in Michigan, or entered into a contract to furnish services in Michigan, this Court does not have limited personal jurisdiction over him.

### a. Mr. Estrin Has Not "Transacted" Business in Michigan

Mr. Estrin has been to Michigan once in his life for business.[27] That occurred on September 30, 2004, when he visited CTC at its office in Warren as part of a City of Windsor staff delegation to discuss CTC's application for site plan approval for a new bridge inspection booth access area in Windsor. The site plan was not approved and no conclusion or settlement was reached.[28] This is not "transacting" business, as defined by Michigan courts.

In *Oberlies v. Searchmont Resort*, the Michigan Court of Appeals defined "transact" as "to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement."[29] Since Mr. Estrin's visit did not result in the conclusion or settlement of CTC's site plan application, Mr. Estrin's visit did not result in the transaction of any business in Michigan. Furthermore, even if Mr. Estrin's one visit to Michigan could be deemed transacting business in Michigan, Plaintiffs' actions against Mr. Estrin do not arise out of that September 30, 2004 meeting because Gowlings did not represent Plaintiffs or any of its related entities at that time.[30]

---

[27] Ex. 1, Estrin Dec., ¶¶ 13-14.

[28] *Id.*, ¶ 13.

[29] *Oberlies v. Searchmont Resort*, 246 Mich. App. 424, 430, 633 N.W. 2d 408 (2001).

[30] Ex. 4, Byrne Dec., ¶¶ 6-8.

> **b.  Mr. Estrin Did Not Take Any Action in Michigan Resulting In a Tort**

The crux of the Plaintiffs' First Amended Complaint is that Gowlings and Mr. Estrin represented Windsor in a matter adverse to CTC while Gowlings was representing CTC on other matters.  Plaintiffs claim this resulted in malpractice, breach of contract, and breach of fiduciary duty.  But since September 30, 2004, Mr. Estrin's representation of Windsor adverse to CTC's Bridge Plan has occurred exclusively in Windsor and Cleveland.[31]  As discussed above, Mr. Estrin's September 30, 2004 visit to Warren cannot provide the basis for plaintiffs' claims because Gowlings and Mr. Estrin did not transact business or represent plaintiffs or CTC at that time.  Gowlings did not begin to represent CTC until June 2005.[32]

Furthermore, Mr. Estrin's Letter to the Coast Guard, Plaintiffs' main complaint against Gowlings and Mr. Estrin, was drafted in Canada and sent to Cleveland, Ohio.[33]  The Letter discusses the possible adverse effects the Bridge Plan will have on the City of Windsor.[34]  Plaintiffs admit this in paragraph 28 of their Complaint: "Ultimately, the Estrin Letter concludes that the Span is 'a proposal fraught with significant and adverse environmental consequences for the City and its residents.'"  The "City" was defined as Windsor in the Letter.[35]

---

[31] Ex. 1, Estrin Dec., ¶ 15.

[32] Ex. 4, Byrne Dec., ¶¶ 6-8.

[33] Ex. 1, Estrin Dec., ¶ 16.

[34] Ex. 3, September 14, 2006, Estrin Letter to U.S. Coast Guard.

[35] *Id.*, p. 1.

Plaintiffs do not allege that the Letter has any connection with Michigan because they cannot do so. The Letter's only connection to Michigan is that the other end of the bridge discussed would be located in Detroit, Michigan. The vast majority of information conveyed in the Letter specifically references the City of Windsor.[36] Therefore, any breach of contract, breach of fiduciary duty, or attorney malpractice that may have occurred as a result of that letter occurred in Canada or Ohio, not in Michigan.

Plaintiffs allege that they suffered damages in Michigan. But allegations by a plaintiff that it suffered damages in Michigan as a result of a tort committed elsewhere are insufficient to convey limited personal jurisdiction over a non-resident defendant.[37]

### c. Mr. Estrin Did Not Enter Into a Contract to Provide Services in Michigan

There is no allegation in the First Amended Complaint that Mr. Estrin entered into a contract to provide services in Michigan. Mr. Estrin's Declaration confirms that he has not entered into a contract to provide services in Michigan.[38] Therefore, this Court does not have personal jurisdiction over Mr. Estrin under MCL § 600.705(3).

---

[36] *Id.*

[37] *Cote v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) ("The only significant connection between the suit and Wisconsin is that the plaintiff [who was the defendant's former client] lives there; and you cannot get jurisdiction over a nonresident just by showing that you are a resident and would prefer to sue in your own state's courts."); *Rann v. McInnis*, 789 F.2d 374 (6th Cir. 1986) (in claim by Michigan resident, no personal jurisdiction over Canadian doctor for tort committed in Canada); *Zandee v. Colisto*, 505 F. Supp. 180, 182 (W.D. Mich. 1981) (in claim brought by Michigan resident, no personal jurisdiction over Canadian citizen for tort committed in North Dakota); *Clavenna v. Holsey*, 81 Mich. App. 472, 478, 265 N.W. 2d 378 (1978) (in claim brought by Michigan resident, no personal jurisdiction over Canadian citizen for tort committed in Canada).

[38] Ex. 1, Estrin Dec., ¶ 8.

**B.      Exercising Personal Jurisdiction Over Mr. Estrin Would Violate Due Process**

Even if this Court finds that Michigan's long-arm statute confers it with personal jurisdiction

over Mr. Estrin, exercising such jurisdiction would violate the Due Process Clause of the Fourteenth

Amendment to the United States Constitution.  The Sixth Circuit has established a three-part test for

determining whether personal jurisdiction meets due process requirements:

> First, the defendant must purposefully avail himself of the privilege of acting in the
> forum state or causing a consequence in the forum state.  Second, the cause of action
> must arise from the defendant's activities there.  Finally, the acts of the defendant or
> consequences caused by the defendant must have a substantial enough connection
> with the forum state to make the exercise of jurisdiction over the defendant
> reasonable.[39]

"[E]ach criterion represents an independent requirement, and failure to meet any one of the three

means that personal jurisdiction may not be invoked."[40]  Under this test, this Court lacks jurisdiction

over Mr. Estrin.

**1.      Mr. Estrin Did Not Purposely Avail Himself of the Privilege of Acting in
Michigan**

The purposeful availment requirement is "the *sine qua non* for *in personam* jurisdiction[.]"[41]

There must be "the kind of substantial relationship with the forum state that invokes, by design, 'the

benefits and protections of its laws.'"[42]  It must be shown that "a defendant purposefully directed its

---

[39] *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002), *quoting Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

[40] *Lak, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1303 (6th Cir. 1989).

[41] *Southern Machine Co., supra*, 401 F.2d at 381-382.

[42]  *Lak, Inc., supra*, 885 F.2d at 1300, *quoting Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

activities towards forum residents".[43]  The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts".[44]

Mr. Estrin did not purposefully avail himself of the privilege of acting in Michigan.  Mr. Estrin does not live in Michigan, has no office in Michigan, is not licensed to practice law in Michigan, owns no property in the state, has no bank accounts here, and he has only visited the state three times in 27 years.  Mr. Estrin does not personally represent any Michigan clients and, significantly, Mr. Estrin's actions involved here all took place in Canada or Ohio as discussed *supra* at pages 7 – 9.[45]

There are many cases in which courts found law firms were not subject to the personal jurisdiction of a forum state when the firms had more contacts with the forum state than Mr. Estrin has with Michigan.  In *Urbanco, Inc. v. Wood, Lucksinger, & Epstein*, the plaintiffs, Michigan residents, hired a California law firm and a California attorney to handle litigation pending in Orange County Superior Court.[46]  The law firm performed all of its professional services from its California offices.  In the subsequent legal malpractice action, the court found that it lacked personal jurisdiction over the California firm because, *inter alia*, it did not purposefully avail itself of the privilege of acting or causing a consequence in Michigan:

---

[43] *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 910 (6th Cir. 1988).

[44] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985).

[45] Ex. 1, Estrin Dec., ¶¶ 3-10, 14-18.

[46] *Urbanco, Inc. v. Wood, Lucksinger, & Epstein*, 1990 U.S. Dist. LEXIS 7646 (W.D. Mich. June 14, 1990).

defendants did not directly or indirectly advertise or solicit business in Michigan and defendants did not travel to Michigan for negotiations or representation of plaintiffs. Although defendants directed necessary discovery activities in Michigan for plaintiffs' California action, there is no evidence or allegations that defendants intended to participate or be involved with the forum state's market.

The Court concludes that by their actions, defendants did not "purposefully avail" themselves of acting in or causing consequences in Michigan. *What contacts they did have with or in Michigan were incidental to the representation of plaintiffs in California; they were not on-going, far-reaching, continuous, or substantial.* As a result, the Court finds no basis for the exercise of personal jurisdiction over defendants.[47]

In *Austad Co. v. Pennie & Edmonds*, the court found that the South Dakota federal court lacked personal jurisdiction over a New York law firm which had represented a South Dakota company in patent litigation in Maryland.[48]  Defendant Pennie & Edmonds' contacts with South Dakota included a visit by an associate and law clerk to review documents and numerous telephone calls and mailings between New York and South Dakota.  Nevertheless, the Eighth Circuit concluded that Pennie & Edmonds had not purposefully availed itself of the privilege of acting in South Dakota.

Pennie & Edmonds does not maintain an office in South Dakota nor do any of its attorneys reside there or maintain a license to practice law there.  Pennie & Edmonds has never advertised or solicited business in South Dakota.  Further, Pennie & Edmonds did not actively seek out Austad as a client. . . .  Finally, the actions giving rise to this lawsuit took place in Maryland, not in South Dakota.  In short, Pennie & Edmonds' only "substantial connection" with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota.  Based on these facts, we do not believe a showing has been made that Pennie & Edmonds purposefully availed itself of the benefits and protections of the laws of South Dakota.[49]

---

[47] *Id.* at 11-12 (emphasis added).

[48] *Austad Co. v. Pennie & Edmonds*, 823 F.2d 223 (8th Cir. 1987).

[49] *Id.* at 226-227.

In *Mayes v. Leipziger*, a New York resident sued his California lawyer for malpractice in failing to file a notice of appeal in a California action.[50]  The defendant challenged the court's personal jurisdiction under New York's long-arm statute which reaches only a defendant who purposefully avails itself of the privilege of acting in New York.  The Second Circuit concluded that the court lacked personal jurisdiction.

> So far as we are aware, no court has extended [New York's long-arm statute] to reach a nondomiciliary who never entered New York, who was solicited outside of New York to perform services outside of New York, who performed outside of New York such services as were performed, and who is alleged to have neglected to perform other services outside of New York.  We do not believe that in these circumstances the New York courts would exercise jurisdiction solely on the basis that the defendants, from California, reported to their New York client and sought the wherewithal (*i.e.*, funds, authority, and information) by means of letters and calls to New York to perform their non-New York services.[51]

Like the defendant law firms in *Urbanco*, *Austad*, and *Mayes*, Mr. Estrin does not have an office in the forum state, has not solicited business here, did not actively seek out Plaintiffs as a client, and allegedly breached a contract and allegedly committed torts against Plaintiffs in Canada or Ohio.  In fact, the argument against personal jurisdiction is even stronger in the present case than all of the cases discussed, since Mr. Estrin did not personally represent Plaintiffs, nor did he visit Michigan during the time Gowlings allegedly represented Plaintiffs, except to attend the Baseball All Star Game.

---

[50] *Mayes v. Leipziger*, 674 F.2d 178 (2d Cir. 1982).

[51] *Id.* at 185 (footnote omitted).

13

2.    **Plaintiffs' Causes of Action Against Mr. Estrin Do Not Arise From His Activities in Michigan**

To satisfy the second part of the *Southern Machine* test, the "cause of action must result from the defendants' activities in the forum state."[52]  That prong of the due process test is unsatisfied since Plaintiffs' claims against Mr. Estrin arise from his drafting of the Letter to the Coast Guard and his appearance at the Meeting regarding the Bridge Plan.  None of Mr. Estrin's actions Plaintiffs allege caused them harm occurred in Michigan.  The Letter was drafted in Canada and sent to Ohio and the Meeting took place in Ohio.  Assuming Plaintiffs' allegation at ¶ 29 of its First Amended Complaint is true (which it is not), since Mr. Estrin's Letter was drafted in Canada and sent to Ohio, the alleged act of revealing the confidential and/or privileged information would have occurred in Canada or Ohio, not Michigan.

3.    **It is Not Reasonable for this Court to Exercise Jurisdiction Over Mr. Estrin**

Even if this Court determines that Mr. Estrin established minimum contacts in Michigan and Plaintiffs' causes of action against Mr. Estrin arose from those contacts, this Court should find that it is not reasonable for it to exercise jurisdiction over Mr. Estrin.  This Court should weigh any contacts it finds Mr. Estrin has with Michigan in light of the following factors:

(1)    the burden on Mr. Estrin;

(2)    Michigan's "interest in resolving this dispute";

(3)    Plaintiffs' "interest in receiving convenient and effective relief";

(4)    "the interstate judicial system's interest in obtaining the most efficient resolution of controversies";  and

---

[52] *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1177 (6th Cir. 1992).

14

(5)   "the shared interest of the several states in furthering fundamental substantive social policies".[53]

The majority of the factors favor this Court not finding personal jurisdiction over Mr. Estrin.

### a.   Burden on Mr. Estrin of Litigating in Michigan

A primary concern in determining the reasonableness of personal jurisdiction over a defendant is the burden on that defendant of litigating the case in a foreign forum.[54]   "When the defendant is from another country, this concern is heightened and 'great care and reserve should be exercised' before personal jurisdiction is exercised over the defendant."[55]

In *OMI Holdings, Inc. v. Royal Insurance Company of Canada*, the Tenth Circuit found the burden on a Canadian insurance corporation of litigating an action in Kansas was significant where the defendant had no license to conduct business in Kansas, maintained no office there, employed no agents there, and insured no residents of Kansas.

Similarly here, Mr. Estrin has no license to practice law in Michigan, maintains no office in Michigan, has no clients in Michigan, and does not visit Michigan on a regular basis.   Therefore, requiring Mr. Estrin to litigate in Michigan would create a burden similar to the burden on the Canadian insurance company that the court found unacceptable in the *OMI Holdings* case.

---

[53] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998), *citing Asahi Metal Indus. Co., Ltd. v. Superior Ct. of Cal., Solano County*, 480 U.S. 102, 113, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987).

[54] *OMI Holdings, supra*, 149 F.3d at 1096.

[55] *Id., quoting Asahi, supra*, 480 U.S. at 114, 107 S. Ct. 1026, 94 L. Ed. 2d 92.

        **b.**       **Plaintiffs' Interest in Obtaining Convenient and Effective Relief**

The third reasonableness factor analyzes whether the Plaintiffs may receive convenient and effective relief in another forum.[56] "This factor may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing him to litigate in a (sic) another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit."[57] That concern is not present here. First, Plaintiffs can bring suit in Canada against Mr. Estrin. Second, CenTra is "among the 500 largest privately-held companies" in America,[58] with a Canadian subsidiary, CTC. CenTra can afford to litigate its claims against Mr. Estin in Canada and already does a substantial amount of business there. Therefore, the third factor in the reasonableness analysis for personal jurisdiction favors Mr. Estrin.

        **c.**       **The Interstate Judicial System's Interest in Obtaining the Most Efficient Resolution of Controversies**

The fourth factor in the reasonableness inquiry is whether the forum state is the most efficient place to litigate the dispute.[59] "Key to this inquiry are the location of witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation."[60] Here, one of the main allegations of Plaintiffs is that Mr. Estrin's Letter to the Coast Guard contained Plaintiffs' confidential and/or

---

[56] *Id.* at 1097.

[57] *Id.*

[58] Ex. 5, Who We Are, Central Transport, at http://www.centraltransportint.com/companyinfo/whoweare.aspx.

[59] *OMI Holdings*, *supra*, 149 F.3d at 1097.

[60] *Id.* (internal citation omitted).

privileged material.  Any witnesses who can testify regarding the information Mr. Estrin used to draft the Letter would likely be in Canada since that is where the Letter was drafted.[61]  Further, none of the events Plaintiffs complain injured them occurred in Michigan, but rather in Canada or Ohio. Therefore, Michigan is not the most efficient forum for litigating this dispute.

At least three of the five reasonableness factors for exercising personal jurisdiction over an out-of-state defendant favor this Court finding it does not have personal jurisdiction over Mr. Estrin. The second factor, Michigan's interest in providing a forum in which its residents can seek redress for injuries caused by out-of-state actors,[62] favors Plaintiffs.  However, weighed against the other factors and the minimal contacts Mr. Estrin has with Michigan and the tenuous link between those contacts and this dispute, this Court should find that exercising personal jurisdiction over Mr. Estrin is unreasonable.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Estrin requests that this Court grant his motion to dismiss.

Respectfully Submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.


By:     /s/ Kevin Kalczynski
        Sharon M. Woods (P22542)
        Kevin Kalczynski (P57929)
        Melonie M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date:  January 12, 2007

f:\docsopen\kkalczynski\l-brf\0329957.01

---

[61] Ex. 1, Estrin Dec., ¶16.

[62] *OMI Holdings*, *supra*, 149 F.3d at 1096.

17

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2007, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Joseph A. Doerr (doerr@dykema.com); and Craig L. John (cjohn@dykema.com). There are no manual recipients.

Parties may access this filing through the Court's system.

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By:    /s/ Kevin Kalczynski
      Sharon M. Woods (P22542)
      Kevin Kalczynski (P57929)
      Melonie M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

f:\docsopen\kkalczynski\l-cert\0329890.01