UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**Attorneys for Plaintiffs:**
Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Phone:  (313) 568-6800
Email: cjohn@dykema.com

**Attorneys for Defendants:**
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone:  (313) 965-9725
Email: kkalczynski@bsdd.com

---

**DECLARATION OF DAVID ESTRIN
REGARDING PERSONAL JURISDICTION**

David Estrin, under penalty of perjury, states as follows:

1.    I am a resident of Toronto, where I have lived for 25 years.

2.    I am a partner in the Toronto office of Gowling Lafleur Henderson LLP, which is a Canadian limited liability partnership. I have worked there for over 17 years as an environmental lawyer.

3.    I am not admitted to practice law in the State of Michigan.

4.    I have never lived or worked in Michigan.

5.    I do not have an office in Michigan.

6.    I do not personally represent any Michigan clients.

7.    I have never solicited business in Michigan.

8.    I have never entered a contract to provide services in Michigan.

9.    I do not own, nor have I ever owned, any property in Michigan.

10.    I have no bank accounts in Michigan.

11.    Since late 2002, I have represented the City of Windsor on various matters, including Windsor's opposition to Canadian Transit Corporation ("CTC") and Detroit International Bridge Company's ("DIBC's") plan to expand the Ambassador Bridge ("Bridge Plan") and its affect on Windsor.

12.    I have never done any work for CTC, DIBC, or Centra.

13.    I have only visited Michigan three times in my life. My first visit was to a conference on environmental issues  at the University of Michigan in Ann Arbor in approximately 1980. At that time, I was an associate professor at the University of Waterloo,

1

Ontario. My second visit was on September 30, 2004, when I visited the Warren offices of Canadian Transit Corporation ("CTC"), an affiliate of Centra, Inc. and Detroit International Bridge Company. I was part of a City of Windsor staff delegation sent to CTC's office to discuss CTC's application for site plan approval for a new bridge inspection booth access area in Windsor. The site plan was not approved and no conclusion or settlement was reached at that meeting.

14.    My third visit to Michigan was during the summer of 2005 when I attended the Baseball All Star Game in Detroit.

15.    Since September 30, 2004, my representation of Windsor adverse to CTC's Bridge Plan has occurred exclusively in Windsor and Ohio.

16.    I drafted a letter dated September 14, 2006, from my office in Toronto, Canada to the United States Coast Guard on behalf of Windsor adverse to CTC's Bridge Plan (the "Letter"). All of the information I used in the Letter I obtained while I was in Canada. I sent the Letter to the Coast Guard in Cleveland, Ohio.

17.    I also attended a meeting with the United States Coast Guard in Cleveland, Ohio on November 21, 2006 (the "Meeting"). I attended the Meeting on behalf of the City of Windsor to further explain my assertions in the Letter that the Bridge Plan would adversely affect the City of Windsor. None of my comments at the Meeting were related to Michigan. Anything I conveyed at the Meeting with respect to Michigan was purely incidental to my objections on behalf of Windsor regarding the Bridge Plan because of its adverse effects on Windsor.

2

18.     I was served with a summons and complaint in the above captioned matter while in Cleveland, Ohio.

19.     I never consented to service of process in this above captioned matter.

Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9th, 2007.

David Estrin

328851.02

3