## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation,

         Plaintiffs,

vs.

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

         Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Attorneys for Plaintiffs
DYKEMA GOSSETT, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304-2820
Phone: (248) 203-0714
Email: cjohn@dykema.com

Sharon M. Woods (P22542)
Kevin Kalczynski (P57929(
Melonie M. Stothers (P65344)
Attorneys for Defendants
BARRIS, SOTT, DENN & DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

### PLAINTIFFS' MOTION TO CONDUCT DISCOVERY

Pursuant to Fed. R. Civ. P. 26(d) and 56(f), Plaintiffs CenTra, Inc. and Detroit International Bridge Company (collectively "Plaintiffs"), respectfully request that this Court enter an Order allowing Plaintiffs to conduct discovery. In support of their motion, Plaintiffs state as follows:

### INTRODUCTION

Plaintiffs rely upon the arguments set forth below, but first make these introductory comments to properly frame the issue before the Court. Defendants filed what are essentially

two dispositive motions before the Rule 26(f) scheduling conference, the exchange of initial disclosures and the commencement of discovery.  Both motions rely heavily upon, and require the Court to make, factual determinations.  The two motions cite and rely upon 21 exhibits, almost all of which fall outside of the pleadings.  Part of these 21 exhibits are 4 affidavits containing numerous factual allegations that are highly disputed by Plaintiffs.  Defendants, without the Plaintiffs having the opportunity to depose the affiants, much less having the benefit of any discovery, would have this Court accept these allegations as true, accurate and undisputed.  Remarkably, Defendants motions for the most part do not even contend that Plaintiffs' amended complaint is legally insufficient; instead, Defendants simply set forth self-serving facts and want this Court to rule on those facts before Plaintiffs can conduct discovery. Defendants' motions are clearly premature.  Therefore, pursuant to Fed. R. Civ. P. 26(d) and 56(f), Plaintiffs should have an opportunity to conduct discovery.

1.    Plaintiff CenTra, Inc. filed a complaint [1] on November 20, 2006.  Plaintiffs filed an amended complaint [5] as of right on December 7, 2006, adding Detroit International Bridge Company as a Plaintiff.

2.    Defendant Gowling Lafleur Henderson L.L.P. ("Gowling") filed a motion for summary judgment [9] and Defendant David Estrin ("Estrin") filed a motion to dismiss [10] on January 12, 2007.

3.    In their motions, Gowling and Estrin raise numerous and substantial factual questions and make allegations outside of the pleadings which reference affidavits and other documents.  However, no discovery has occurred in this litigation.

4.    In order to fulfill their obligations under Fed. R. Civ. P. 26(f), and because they cannot properly respond to Defendants' motions until discovery can be had, Plaintiffs' counsel

DYKEMA GOSSETT • A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

2

sent a letter to Defendants' counsel (Exhibit 1) on February 1, 2007 requesting a telephonic meet

and confer in order to establish a discovery plan.   The parties conducted that conference on

February 6, 2007, at which time counsel for Defendants stated he would ask his clients if they

would permit the discovery sought.   Counsel for Plaintiffs advised counsel for Defendants that if

they did not hear from him by mid-day on February 7, 2007, they would assume Defendants

would not permit the discovery and would seek the appropriate relief.   Later in the day on

February 6, 2007, counsel for Defendants contacted counsel for Plaintiffs and stated that he had

contacted his clients and they would not agree to Rule 26 disclosures or starting any discovery,

and would not agree to hold the motions in abeyance pending discovery..

5.      Both of Defendants' motions raise substantial issues of material fact to which

Plaintiffs cannot properly respond until discovery has occurred.[1]   Instead of properly agreeing to

discovery, Defendants have instead requested that this Court take Defendants' version of the

facts as accurate and undisputed, when in reality these "facts" are heavily disputed by Plaintiffs

and must be subjected to discovery.

6.      Defendants have made many allegations in their motions that Plaintiffs are

entitled to inquire about through discovery as set forth more fully in the Fed. R. Civ. P. 56(f)

affidavit of Craig L. John, Esq.  (Exhibit 2).

7.      To respond properly, Plaintiffs must be able to engage in discovery regarding

these and other factual issues raised, including, *e.g.*, through depositions of the individuals who

signed affidavits attached to the motions, depositions of other current and former attorneys at

---

[1] Indeed, one of Defendants' motions is a motion for summary judgment under Fed. R. Civ. P. 56(c) which by its very nature requests the Court to rule on the existence of any genuine issues of material fact based upon the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits.  In this case, no discovery has occurred so there are no depositions, answers to interrogatories, or admissions, and any affidavits are inadequate in that no discovery has occurred.

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE·SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

Gowling who have worked on engagements for Plaintiffs, document requests related to past representation of Plaintiffs and other named entities, and interrogatories about other individuals who would be involved with these representations, etc.

8.      In recognizing the need for discovery, Fed. R. Civ. P. 56(f) provides the non-movant with a mechanism to respond to a premature motion and request discovery:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just.

9.      Additionally, federal courts have consistently held that summary judgment is improper where, as here, the non-movant is not afforded a sufficient opportunity for discovery. *See White's Landing Fisheries, inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994); *Vance v. United States*, 90 F.3d 1145. 1148 (6th Cir. 1996)(concluding that an order granting summary judgment should have been vacated when defendant's summary judgment motion was filed before the parties conducted discovery).[2]

10.     Additionally, Fed. R. Civ. P. 26(d) governs the timing and sequence of discovery. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Id.*  However, Rule 26(d) provides the Court with the ability to alter this sequence "in the interests of justice." *Id.*  Further, Fed. R. Civ. P. 37 permits the Court to compel discovery.  Here, Plaintiffs have unsuccessfully attempted to form a discovery plan with Defendants in order to begin the discovery process.  As noted in the attached affidavit, Defendants have raised a number of factual issues to which Plaintiffs cannot properly respond

---

[2] The non-moving party has the obligation to inform the court of its need for discovery, which is exactly what Plaintiffs are doing in filing the affidavit of Craig L. John, Esq., pursuant to Rule 56(f).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

until discovery is conducted.    Therefore, in the interests of justice, discovery should be permitted.

11.    Pursuant to Eastern District of Michigan Local Rule 7.1, Plaintiffs requested concurrence in the relief sought in this motion; however, this request was denied.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order permitting discovery and staying Defendants' motion for summary judgment and to dismiss until such discovery has occurred.

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: /s/Craig L. John_____
    Craig L. John (P27146)
    Thomas J. Murray (P56331)
    Joseph A. Doerr (P66109)
    Attorneys for Plaintiffs
    DYKEMA GOSSETT, PLLC
    39577 Woodward Avenue, Suite 300
    Bloomfield Hills, Michigan 48304-2820
    Phone: (248) 203-0714
    Email: cjohn@dykema.com

Date: February 7, 2007

DET01\545690.3
ID\SPCA

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE·SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation,

Case No. 06-15185

      Plaintiffs,

Hon. Nancy G. Edmunds

vs.

Magistrate Judge Steven R. Whalen

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

      Defendants.

---

Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Attorneys for Plaintiffs
DYKEMA GOSSETT, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304-2820
Phone: (248) 203-0714
Email: cjohn@dykema.com

Sharon M. Woods (P22542)
Kevin Kalczynski (P57929(
Melonie M. Stothers (P65344)
Attorneys for Defendants
BARRIS, SOTT, DENN & DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

## PLAINTIFFS' BRIEF IN SUPPORT OF
## MOTION TO CONDUCT DISCOVERY

1

## STATEMENT OF ISSUES PRESENTED

1.      Whether this Court should allow discovery when Defendants' motions were filed before the Rule 26(f) conference, before any initial disclosures or discovery has occurred, and when the motions assert numerous factual and legal conclusions on which no discovery has yet been conducted?

2.      Whether this Court should hold Defendants' motions in abeyance pending the completion of discovery?

2

## CONTROLLING AUTHORITY

*White's Landing Fisheries, inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994)

*Vance v. United States*, 90 F.3d 1145. 1148 (6th Cir. 1996)

Fed. R. Civ. P. 56(f)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## I.  **INTRODUCTION**

Defendants' motions and position in this case are quite remarkable.  In this breach of contract and negligence action, without allowing any discovery whatsoever, Defendants are arguing that they are entitled to summary judgment based on their own self-serving affidavits stating they are not negligent and did not breach the contract.[1]  Such a claim is absurd, because, following Defendants' logic, all a defendant would need to do to defeat any claim, no matter how meritorious, is file a conclusory affidavit stating plaintiff's complaint is wrong inasmuch as she was not liable and committed no wrongdoing.  However, the Federal Rules of Civil Procedure require that Plaintiffs be permitted to conduct discovery to develop the claims alleged in their complaint, and to determine if the allegations made in Defendants' affidavits are true, complete and accurate.

Defendants have filed two dispositive motions before the Rule 26(f) scheduling conference, the exchange of initial disclosures and the commencement of discovery.  Both motions rely heavily upon, and require the Court to make, factual determinations.  The two motions cite and rely upon 21 exhibits, almost all of which fall outside of the pleadings.  Part of these 21 exhibits are 4 affidavits containing numerous factual allegations, some of which Plaintiffs deny, and some of which Plaintiffs need to subject to discovery and cross-examination. Defendants, without the Plaintiffs having the opportunity to depose the affiants, much less having the benefit of any discovery, would have this Court accept these conclusory allegations as true, accurate, undisputed and sufficient to support entry of judgment in their favor without

---

[1] Defendants' flawed logic applies to their motion to dismiss as well.  According to Defendants' logic, in order to defeat a complaint on personal jurisdiction grounds, all a defendant need do is file a conclusory affidavit stating there is no personal jurisdiction.  Mr. Estrin's affidavits raise genuine issues of material fact on which Plaintiffs are entitled to discovery, such as Estrin's contacts with the U.S. Coast Guard in Michigan, the effect of Estrin's actions on the Michigan side of the Ambassador Bridge, etc.

further proceedings. Remarkably, Defendants motions for the most part do not even contend that Plaintiffs' amended complaint is legally insufficient; instead, Defendants simply set forth self-serving facts and want this Court to rule on those facts before Plaintiffs can conduct discovery. Defendants' motions are clearly premature. Therefore, pursuant to Fed. R. Civ. P. 26(d) and 56(f), Plaintiffs should have an opportunity to conduct discovery.

## II. PROCEDURAL HISTORY

Plaintiff CenTra, Inc. filed a complaint [1] on November 20, 2006. Plaintiffs filed an amended complaint [5] as of right on December 7, 2006, adding Detroit International Bridge Company as a Plaintiff. Defendant Gowling Lafleur Henderson L.L.P. ("Gowling") filed a motion for summary judgment [9] and Defendant David Estrin ("Estrin") filed a motion to dismiss [10]on January 12, 2007.

In their motions, Gowling and Estrin raise numerous and substantial factual questions and make allegations outside of the pleadings which reference affidavits and other documents. However, no discovery has occurred in this litigation. In order to fulfill their obligations under Fed. R. Civ. P. 26(f), and because they cannot properly respond to Defendants' motions until discovery can be had, Plaintiffs' counsel sent a letter to Defendants' counsel (Exhibit 1) on February 1, 2007 requesting a telephonic meet and confer in order to establish a discovery plan. The parties conducted that conference on February 6, 2007, at which time counsel for Defendants stated he would ask his clients if they would permit the discovery and adjourn their two motions. Later in the day on February 6, 2007, counsel for Defendants contacted counsel for Plaintiffs and stated that he had contacted his clients and they would not agree to Rule 26 disclosures or starting any discovery, and would not agree to hold the motions in abeyance pending discovery.

## III.   LAW AND ARGUMENT

Both of Defendants' motions raise substantial issues of material fact to which Plaintiffs cannot properly respond until discovery has occurred.  Instead of properly agreeing to discovery, Defendants have instead requested that this Court take Defendants' version of the facts as accurate and undisputed, when in reality these "facts" are heavily disputed by Plaintiffs and must be subjected to discovery.  Defendants have made many allegations in their motions that Plaintiffs are entitled to inquire about through discovery as set forth more fully in the Fed. R. Civ. P. 56(f) affidavit of Craig L. John, Esq.  (Exhibit 2).  To respond properly, Plaintiffs must be able to engage in discovery regarding these and other factual issues raised, including, *e.g.*, through depositions of the individuals who signed affidavits attached to the motions, depositions of other current and former attorneys at Gowling who have worked on engagements for Plaintiffs, document requests related to past representation of Plaintiffs and other named entities, and interrogatories about other individuals who would be involved with these representations, etc.

In recognizing the need for discovery, Fed. R. Civ. P. 56(f) provides the non-movant with a mechanism to respond to a premature motion and request discovery:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as just.

Additionally, federal courts have consistently held that summary judgment is improper where, as here, the non-movant is not afforded a sufficient opportunity for discovery.  *See White's Landing Fisheries, inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994); *Vance v. United States*, 90 F.3d 1145. 1148 (6th Cir. 1996)(concluding that an order granting summary judgment should

DYKEMA GOSSETT·A PROFESSIONAL LIMITED LIABILITY COMPANY·39577 WOODWARD AVENUE·SUITE 300·BLOOMFIELD HILLS, MICHIGAN 48304

6

have been vacated when defendant's summary judgment motion was filed before the parties conducted discovery).[2]

Additionally, Fed. R. Civ. P. 26(d) governs the timing and sequence of discovery. Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." *Id.* However, Rule 26(d) provides the Court with the ability to alter this sequence "in the interests of justice." *Id.* Further, Fed. R. Civ. P. 37 permits the Court to compel discovery. Here, Plaintiffs have unsuccessfully attempted to form a discovery plan with Defendants in order to begin the discovery process. As noted in the attached affidavit, Defendants have raised a number of factual issues to which Plaintiffs cannot properly respond until discovery is conducted. Therefore, in the interests of justice, discovery should be permitted.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order permitting discovery and staying Defendants' motion for summary judgment and to dismiss until such discovery has occurred.

**SIGNATURE BLOCK ON NEXT PAGE**

---

[2] The non-moving party has the obligation to inform the court of its need for discovery, which is exactly what Plaintiffs are doing in filing the affidavit of Craig L. John, Esq., pursuant to Rule 56(f).

7

Respectfully submitted,

DYKEMA GOSSETT PLLC


By: /s/Craig L. John_____
          Craig L. John (P27146)
          Thomas J. Murray (P56331)
          Joseph A. Doerr (P66109)
          Attorneys for Plaintiffs
          DYKEMA GOSSETT, PLLC
          39577 Woodward Avenue, Suite 300
          Bloomfield Hills, Michigan 48304-2820
          Phone: (248) 203-0714
          Email: cjohn@dykema.com

Date: February 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2007 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Sharon M. Woods, Kevin Kalczynski, and Melonie M. Stothers.

          /s/ Craig L. John_____
          Craig L. John (P27146)
          Thomas J. Murray (P56331)
          Joseph A. Doerr (P66109)
          Attorneys for Plaintiffs
          DYKEMA GOSSETT, PLLC
          39577 Woodward Avenue, Suite 300
          Bloomfield Hills, Michigan 48304-2820
          Phone: (248) 203-0714
          Email: cjohn@dykema.com

BH01\704448.1
ID\TJMU