# EXHIBIT 2

UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

CENTRA, INC., a Delaware corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

vs.

DAVID ESTRIN, Individually, and
GOWLING, LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership

        Defendants.

Case No. 06-15185

Honorable Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

| | |
|---|---|
| Craig L. John (P27146) | Sharon M. Woods (P22542) |
| Thomas J. Murray (P56331) | Kevin Kalczynski (P57929) |
| Joseph A. Doerr (P66109) | Melonie M. Stothers (P65344) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| Dykema Gossett PLLC | Barris, Sott, Denn & Driker PLLC |
| 39577 Woodward Avenue, Suite 300 | 211 West Fort St., 15th Floor |
| Bloomfield Hills, MI 48304 | Detroit, MI 48226 |
| (248) 203-0700 | (313) 965-9725 |

---

### **AFFIDAVIT OF CRAIG L. JOHN**

STATE OF MICHIGAN    )
                                 ) SS
COUNTY OF OAKLAND    )

    Craig L. John, being first duly sworn upon his oath, states as follows:

    1.    I am over eighteen years of age, have personal knowledge of the statements in this affidavit and if called as a witness to testify, I could and would testify to all of the following under oath.

2. I am an active member of the State Bar of Michigan and am admitted to practice before this Court.

3. I am one of the attorneys for Plaintiffs in this matter.

4. Pursuant to Fed. R. Civ. P. 56(f), this Affidavit is made on Plaintiffs behalf in support of their Cross Motion to Conduct Discovery.

5. Plaintiffs' amended complaint alleges claims for breach of contract, breach of fiduciary duties and legal malpractice.

6. Defendants filed a motion for summary judgment, with affidavits and exhibits, pursuant to Fed. R. Civ. P. 56(c) and a motion to dismiss, with affidavits and exhibits, as to Defendant Estrin only pursuant to Fed. R. Civ. P. 12(b)(2). Defendants filed these motions prior to the parties participating in a Rule 26(f) conference, and before the parties had the benefit of exchanging initial disclosures and conducting discovery.

7. Plaintiffs convened a telephonic meet and confer Rule 26(f) conference on February 6, 2007, at which time counsel for Defendants stated he would ask his clients if they would permit the discovery sought. I advised counsel for Defendants that if we did not hear from him by mid-day on February 7, 2007, we would assume Defendants would not permit the discovery sought and would seek the appropriate relief. Later in the day on February 6, 2007, counsel for Defendants contacted me and stated that he had contacted his clients and they would not agree to Rule 26 disclosures or starting any discovery, and would not agree to hold the motions in abeyance pending discovery.

2

8. To obtain evidence to respond to Defendants' motions, affidavits and exhibits, and to further support their claims, Plaintiffs need to propound written discovery to Defendants exploring at least the following areas of proofs and information:

a. All engagement letters/agreements between Defendant Gowling and the City of Windsor for any matter in which Windsor was adverse to Plaintiffs;

b. The engagement letter/agreement between Gowling and the Buffalo and Fort Erie Peace Bridge Authority;

c. All documents reflecting the conflict checks done by Gowling with respect to the above engagements;

d. All documents that reflect the results of the conflict checks done by Gowling with respect to the above engagements;

e. All time/billing records for the above engagements;

f. All time/billing records for any of the engagements Gowling has handled for Plaintiffs at any time;

g. All invoices for any engagement in which a client of Gowling was adverse to Plaintiffs, the engagement letter/agreement for the matters, the documents reflecting the conflict checks done by Gowling with respect to the matters, and the documents that reflect the results of the conflicts check;

h. All invoices for any engagement in which Gowling represented Plaintiff;

i. All documents related to Gowling's procedures for determining whether it can represent a new client or an existing client on a new matter;

j. All documents related to Gowling's document retention policies, including policies related to the automatic or manual deletion of electronically stored data;

k. All correspondence between Gowling and the United States Coast Guard in relation to the expansion or operation of the Ambassador Bridge;

l. All documents allegedly supporting the factual allegations contained in the letter from David Estrin to Robert W. Bloom, Jr. dated September 14, 2006;

m. All written policies of Gowling concerning conflicts, potential conflicts, methods of determining whether conflicts exist and methods for resolving conflicts or potential conflicts.

3

9. Moreover, based upon the information known to date, Plaintiffs need to take the depositions of the following people:

   a. Scott Joliffe
   b. David Estrin
   c. Emilio S. Binavince
   d. Dale Hill
   e. Timothy Wach

10. Plaintiffs may also take the depositions of other employees, representatives or agents of Gowling who handled or worked on engagements for Plaintiffs or the clients who were adverse to Plaintiffs as the identity of those individuals becomes available through the course of discovery.

11. Plaintiffs are entitled to subject the allegations made in Defendants' pleadings and affidavits to cross-examination, and to test the veracity of these allegations. By way of example only, Plaintiffs should be permitted discovery on:

   a. Defendants' claim that their representation of Plaintiffs in and before 1998, is "unable to [be] determine[d]" because of "accounting system conversion changes" (Byrne Decl. ¶ 6, attached to Gowling's Motion for Summary Judgment);
   b. Defendants' representation of The Buffalo and Fort Erie Public Bridge Authority regarding the "Peace Bridge"—during which Defendants' assert that Plaintiffs allegedly consented to adverse representation;
   c. Defendants' claims of conversations with and letters to Plaintiffs' representatives regarding Defendants' representation of The City of Windsor in proceedings adverse to Plaintiffs;
   d. Defendants' claims regarding conflicts checks and protocols related to Defendants' representation of Plaintiffs;
   e. Defendants' claim that Dale Hill and Timothy Wach, Gowling's attorneys who

have represented Plaintiffs, "never had any contact with [Estrin] about his representation of Windsor in opposition to the Bridge Plan" (Hill Decl. ¶ 13 and Wach Decl. ¶ 11, attached to Gowling's Motion for Summary Judgment);

f.  Defendants' claim that Estrin has "never spoken to Dale Hill or Tim Wach about any professional matters, including their representation of Centra, DIBC or CTC" (Estrin Decl. ¶ 21, attached to Gowling's Motion for Summary Judgment);

g.  Defendants' claim that Estrin has only been to Michigan three times before (Estrin Decl. ¶ 13, attached to Estrin's Motion to Dismiss); and

h.  Defendants' claims regarding the scope of the work conducted by Estrin for the City of Windsor so as to determine his contacts with the State of Michigan, and in particular the U.S. side of the Ambassador Bridge.

12. Plaintiffs have been unable to obtain the above information because Plaintiffs have not yet had an opportunity to propound written discovery, serve interrogatories or depose any witnesses. Additionally, Defendants have refused to agree to any discovery thus necessitating the filing of Plaintiffs' cross motion to conduct discovery.

FURTHER DEPONENT SAYETH NOT:

/s/ Craig L. John
Craig L. John

STATE OF MICHIGAN  )
                   ) SS.
COUNTY OF Oakland  )

The foregoing instrument was acknowledged before me on February 7, 2006 by Craig L. John.

_____
Notary Public
State of Michigan, County of _____
My Commission Expires:
Acting in _____ County, Michigan

DENISE SHIEMKE
NOTARY PUBLIC MACOMB CO., MI
MY COMMISSION EXPIRES Jul 1, 2007
ACTING IN OAKLAND COUNTY, MI

BH01\704283.2
ID\TJMU

5