UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP, a
Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**Attorneys for Plaintiffs:**
Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Phone:  (313) 568-6800
Email: cjohn@dykema.com

**Attorneys for Defendants:**
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone:  (313) 965-9725
Email: kkalczynski@bsdd.com

---

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO CONDUCT DISCOVERY**

## CONCISE STATEMENT OF ISSUES PRESENTED

I.   Plaintiffs filed a First Amended Complaint.  In response, both Defendants filed a Motion for Summary Judgment.  Plaintiffs have now filed a motion to conduct discovery ("Plaintiffs' Motion").  Should Plaintiffs Motion be denied when the information that would create an issue of fact is within Plaintiff's control?

Plaintiffs say:  No.

Defendants say: Yes.

II.  The Sixth Circuit has held that a motion made under Rule 56(f) must identify the material facts that the party opposing summary judgment hopes to uncover.  Plaintiffs Motion, which is made pursuant to Rule 56(f), does not do so.  Instead, Plaintiffs admit that their Motion merely advises the Court of Plaintiffs' "need" to take discovery.  Should Plaintiff's Motion therefore be denied?

Plaintiffs say: No.

Defendants say: Yes.

III. Defendant David Estrin filed a Motion to Dismiss based on a lack of personal jurisdiction.  Plaintiffs' Motion does not identify any facts that Plaintiffs hope to uncover in discovery that would confer personal jurisdiction over Estrin.  Should Plaintiffs' Motion therefore be denied?

Plaintiffs say: No.

Defendants say: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

ISSUE I

> *Emmons v McLaughlin*, 874 F.2d 351 (6th Cir. 1989)

ISSUE II

> *Emmons v McLaughlin*, 874 F.2d 351 (6th Cir. 1989)

> *Cacevic v. City of Hazel Park*, 226 F.3d 483 (6th Cir. 2000).

ISSUE III

> *Rann v. McInnis*, 789 F.2d 374 (6th Cir. 1986)

> *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174

> (6th Cir. 1992).

# TABLE OF CONTENTS

CONCISE STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

CONTROLLING OR MOST APPROPRIATE AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . ii

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      A.    Plaintiffs' Motion to Conduct Discovery Should Be Denied Because
           the Facts That Would Defeat Summary Judgment Are Within
           Plaintiffs' Control . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Plaintiffs' Motion to Conduct Discovery Should Also Be Denied
           Because It Does Not Comply With Rule 56(f) . . . . . . . . . . . . . . . . . . . . . . . 4

      C.    Plaintiffs' Motion to Conduct Discovery Should be Denied and
           the Hearing on Estrin's Motion to Dismiss For Lack of Personal
           Jurisdiction Should Go Forward . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

           1.    Discovery Regarding How Estrin's Actions May Have
                 Impacted Michigan is Irrelevant for Purposes of
                 Determining Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . 7

           2.    Plaintiffs' Requested Discovery Regarding Mr. Estrin's
                 Contacts Could Not Reveal Facts That Would Convey
                 Personal Jurisdiction Over Mr. Estrin . . . . . . . . . . . . . . . . . . . . . . . 8

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO
## PLAINTIFFS' MOTION TO CONDUCT DISCOVERY

**I.      INTRODUCTION**

Plaintiffs Centra, Inc. and Detroit International Bridge Company ("Plaintiffs") filed a First Amended Complaint claiming that the Defendants, Gowling Lafleur Henderson LLP ("Gowlings"), a 700-lawyer Canadian law firm, and David Estrin, a Gowlings partner, engaged in a conflict of interest when Estrin represented Windsor in a matter adverse to Centra's plan to expand the Ambassador Bridge (the "Bridge Plan") while other Gowlings lawyers were representing a Centra affiliate called CTC.   Estrin responded with a Motion to Dismiss based on a lack of personal jurisdiction and both Defendants joined in a Motion for Summary Judgment (collectively "Defendants' Motions").   In response, Plaintiffs filed a "Motion to Conduct Discovery" under Rule 26 and 56(f) ("Plaintiffs' Motion"), claiming that they need discovery to respond to the Defendants' Motions.

This Response will show that Plaintiffs' Motion should be denied because the facts that would defeat summary judgment are within Plaintiffs' control.   Plaintiffs' Motion should also be denied because Plaintiffs have failed to comply with Rule 56(f).   That rule requires Plaintiffs to show how postponement of a ruling on the motion will enable them to rebut the motion for summary judgment. Instead, Plaintiffs filed an affidavit (the "Affidavit"), which they admit merely informs the Court of their need for discovery. The Affidavit fails to identify the material facts Plaintiffs hope to uncover in discovery.   The Affidavit makes only general and conclusory statements regarding the need for further discovery without explaining how an extension of time would allow relevant information to be discovered.   In other words, Plaintiffs' Motion does not meet the requirements of Rule 56(f).  And

therefore, Plaintiffs' Motion should be denied.

## II.    ARGUMENT

### A.    Plaintiffs' Motion to Conduct Discovery Should Be Denied Because the Facts That Would Defeat Summary Judgment Are Within Plaintiffs' Control

When a party files a motion for summary judgment, that party has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record showing an absence of a genuine issue of fact."[1]  Defendants did this in their Brief in Support of Summary Judgment.[2]  Summary judgment should be granted based on evidence that:

> (1) Plaintiffs and CTC had actual knowledge given to them by Gowlings that Gowlings and Estrin were representing a client in a matter adverse to CTC at the time CTC retained other Gowlings attorneys, (2) there was no sharing of confidential information related to Estrin's representation of Windsor and Gowlings' separate representation of CTC, and (3) Centra's Second Application for a second bridge is still pending and will not ultimately be decided for years.[3]

The facts necessary to rebut this evidence – if such facts exist – are within Plaintiffs' possession.  In this situation, the Sixth Circuit has held that there is no reason to postpone the hearing on Defendants' Motion for Summary Judgment.[4]

First, whether Centra knew that Gowlings was representing Windsor in a matter adverse to Centra is a fact that is solely within the control of Centra.  In their Brief in Support of Summary

---

[1]*Mt. Lebanon Pers. Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002)

[2]Defendants' Brief in Support of Summary Judgment at p. 14.

[3]*Id.*

[4]*Emmons v McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989) (Court denied Rule 56(f) motion when the facts necessary to rebut summary judgment were in the non-moving party's control.) (Ex. 1).

Judgment, Defendants presented overwhelming evidence that Centra's President, Dan Stamper, knew that Gowlings was representing clients adverse to Centra when he retained Gowlings to perform work for CTC.[5]  No amount of discovery from Defendants will help Plaintiffs determine the state of Stamper's knowledge when he retained Gowlings on behalf of CTC.  On the other hand, Plaintiffs could determine his knowledge by asking him.

Second, Plaintiffs alleged in their First Amended Complaint that, "**[w]ithout question**, the Estrin Letter relied on confidential and/or privileged information that was supplied to Gowlings by DIBC."[6]  Defendants presented evidence that Estrin did not rely on any such information and that there was no sharing of confidential information related to Estrin's representation of Windsor and the other Gowlings lawyers' representation of CTC.[7]  The Plaintiffs have had the 35-page Estrin Letter for months.  If they were able to allege that the Estrin Letter, "**without question**", relied on confidential information transmitted to Gowlings, then Plaintiffs should be able to identify what portions of the letter they believe were based on confidential or privileged information now.  Again, the Plaintiffs should know what portions of the Estrin Letter they believe were based on confidential information without discovery from Defendants.

Third, the Defendants pointed out that since Centra's Bridge Plan is still pending, Plaintiffs have suffered no damages.  Discovery from Defendants will not produce any evidence of Plaintiffs

---

[5]Brief in Support of Summary Judgment, Exs. 2, 4, 5, 7, 9, and 14.

[6]Brief in Support of Summary Judgment, Ex. 1, ¶ 30 (emphasis added).  The "Estrin Letter" is a letter that Estrin wrote on behalf of Windsor in opposition to Centra's plan to expand the Ambassador Bridge.

[7]Brief in Support of Summary Judgment, Exs. 2 (¶¶ 20-23 and 27), 8 (¶¶ 12-14)  and 10 (¶¶ 10-11).

damages. That evidence – if it exists – must come from Plaintiffs.

In sum, Defendants have met their burden of demonstrating the absence of a genuine issue of material fact. Plaintiffs now must "set forth specific facts showing that there is a genuine issue for trial."[8] Since the evidence that would rebut the undisputed material facts that were clearly identified in Defendants' Motion for Summary Judgment are in Plaintiffs' possession, Plaintiffs' Motion to Conduct Discovery should be denied.

### B.    Plaintiffs' Motion to Conduct Discovery Should Also Be Denied Because It Does Not Comply With Rule 56(f)

Contrary to Plaintiffs' argument, Rule 56 does not require that any discovery take place before a motion for summary judgment can be granted.[9] Plaintiffs have no absolute right to additional time for discovery.[10] Rule 56(f) provides a mechanism for the Plaintiffs to request further time, but Rule 56(f) requires Plaintiffs to demonstrate why they cannot respond to Defendants' Motions:

> Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. **A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.**[11]

When a party fails to meet its burden under Rule 56(f), postponement of a ruling on a motion for

---

[8]Fed. R. Civ. P. 56(e).

[9]Fed. R. Civ. P. 56(b), *see also* Moore's Federal Practice, 3 ed, § 56.10[8][a].

[10]*Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989).

[11]*Id.* (Emphasis added).

4

summary judgment is unjustified.[12]

Plaintiffs claim that, under Rule 56(f), their obligation is merely to inform the court of their need for discovery.[13] And the Affidavit attached to Plaintiffs' Motion simply indicates that "Plaintiffs need to propound written discovery" and that "Plaintiffs need to take the depositions of the following people".[14] Plaintiffs' general statements regarding its need for discovery are inadequate under Rule 56(f). Indeed, in the Sixth Circuit, a party that makes "only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed relevant information . . . to be discovered" is not entitled to the protections of Rule 56(f).[15] Plaintiffs admission that the Affidavit merely "inform[s] the court of its need for discovery" mandates denial of Plaintiffs' Motion.[16]

Controlling Sixth Circuit case law on Rule 56(f) also indicates that the Plaintiffs have an obligation to disclose "what material facts they hoped to uncover and why they had not previously discovered the information."[17] But Plaintiffs' Motion fails to identify a single material fact that Plaintiffs' hope to discover. And Plaintiffs have failed to explain why they cannot determine Dan Stamper's state of knowledge, why they can't identify what portions of the Estrin Letter "without question" relied on confidential information, and why they can't identify their damages. Instead,

---

[12]*Id.*

[13]Plaintiffs' Motion to Conduct Discovery, p. 4, f.n. 2.

[14]Plaintiffs' Motion to Conduct Discovery, Ex. 2, ¶¶ 8-9.

[15]*Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000).

[16]Plaintiffs' Motion to Conduct Discovery, p. 4, f.n. 2.

[17]*Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000).

Plaintiffs' Motion simply claims that they are entitled to discovery and the Affidavit merely lists discovery that Plaintiffs would like to have.  According to the Sixth Circuit, Plaintiffs' failure to identify the material facts they hope to uncover also requires that Plaintiffs' Motion to Conduct Discovery be denied.[18]

### C.   Plaintiffs' Motion to Conduct Discovery Should be Denied and the Hearing on Estrin's Motion to Dismiss For Lack of Personal Jurisdiction Should Go Forward

The only allegation in the First Amended Complaint regarding personal jurisdiction over Estrin is found at ¶ 6, where Plaintiffs' claimed: "Estrin . . . [was] subject to personal jurisdiction in this District at the time this action was commenced."[19]  Plaintiffs alleged no facts that would support personal jurisdiction over Estrin.  In response to the First Amended Complaint, Estrin filed a Motion to Dismiss based on a lack of personal jurisdiction.  In support of that Motion, Estrin attached an affidavit indicating that he has never lived or worked in Michigan, he does not represent clients in Michigan, he has never solicited business in Michigan, he does not own any property in Michigan, and that he has only visited Michigan three times in his life.[20]  In order to be entitled to discovery regarding personal jurisdiction over Estrin, Plaintiffs must demonstrate with specificity the additional facts in support of jurisdiction it expects to find if discovery is permitted.[21]  "Where there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal

---

[18]*Cacevic v. City of Hazel Park*, 226 F.3d 483, 489 (6th Cir. 2000).

[19]Brief in Support of Summary Judgment, Ex. 1 at ¶ 6.

[20]Brief in Support of Motion to Dismiss, Ex. 1 at ¶¶ 3 through 14.

[21]*United States v. Swiss American Bank, Ltd.*, 274 F.3d 610, 626-627 (1st Cir. 2001) ("Failure to allege specific contacts, relevant to establishing personal jurisdiction, in a jurisdictional discovery request can be fatal to that request.").

jurisdiction it is not an abuse of discretion to deny discovery."[22]  Thus, it was Plaintiffs' burden to explain what additional facts discovery would reveal that would support personal jurisdiction over Estrin.  But Plaintiffs' Motion and Affidavit are completely silent regarding those additional facts.  And none of the discovery requests listed in the Affidavit would reveal contacts sufficient to convey personal jurisdiction over Estrin.  Therefore, Plaintiffs' Motion should be denied.

      **1.**      **Discovery Regarding How Estrin's Actions May Have Impacted Michigan is Irrelevant for Purposes of Determining Personal Jurisdiction**

The closest Plaintiffs come to identifying facts that would support personal jurisdiction over Estrin is their claim that they are entitled to discovery regarding the effect of Mr. Estrin's actions on the Michigan side of the Ambassador Bridge.[23]  But it is black-letter law that allegations by a plaintiff that it suffered damages in Michigan as a result of a tort committed elsewhere are insufficient to convey limited personal jurisdiction over a non-resident defendant.[24]  Since the requested discovery could not support a finding of personal jurisdiction over Mr. Estrin, Plaintiffs' Motion should be denied.

Moreover, the alleged effect of Estrin's actions in Michigan is information that is in the exclusive control of the Plaintiffs, not Estrin.  Therefore, even if information related to the effect of

---

[22]*Booth v Verity, Inc.*, 124 F. Supp. 2d 452, 457 (W.D. Ky. 2000), *citing Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

[23]Plaintiffs' Brief in Support of Motion to Conduct Discovery at p. 4, f.n. 2.

[24]*Rann v. McInnis*, 789 F.2d 374 (6th Cir. 1986) (in claim by Michigan resident, no personal jurisdiction over Canadian doctor for tort committed in Canada); *Zandee v. Colisto*, 505 F. Supp. 180, 182 (W.D. Mich. 1981) (in claim brought by Michigan resident, no personal jurisdiction over Canadian citizen for tort committed in North Dakota); *Clavenna v. Holsey*, 81 Mich. App. 472, 478, 265 N.W. 2d 378 (1978) (in claim brought by Michigan resident, no personal jurisdiction over Canadian citizen for tort committed in Canada).

Estrin's actions in Michigan were relevant, allowing discovery on those alleged effects from Estrin would be a waste of time because the information sought is not within his control.

    **2.**    **Plaintiffs' Requested Discovery Regarding Mr. Estrin's Contacts Could Not Reveal Facts That Would Convey Personal Jurisdiction Over Mr. Estrin**

Plaintiffs also allege that they are entitled to discovery regarding Mr. Estrin's contacts with the U.S. Coast Guard in Michigan.[25] But even if Plaintiffs elicit testimony or documents showing that Mr. Estrin made phone calls or wrote letters to Michigan, those types of contacts are insufficient to confer limited personal jurisdiction over a non-resident defendant. In *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, the Sixth Circuit held that, "[t]he defendants have not engaged in any activities in Michigan . . . . [T]he mere evidence of telephone calls and letters will not suffice as evidence of threshold activity in a forum state."[26] In short, discovery from Estrin regarding his contacts with the U.S. Coast Guard in Michigan is irrelevant for purposes of Estrin's Motion to Dismiss.

**III.   CONCLUSION**

Defendants may file a motion for summary judgment at any time. Defendants filed such a motion and identified the facts on which Defendants believed there was no dispute. Each of those facts – Stamper's knowledge, the confidential information that Estrin "without question" relied on, and Plaintiffs's alleged damages – are within Plaintiffs' control. Therefore, Plaintiffs do not need discovery from Defendants to create an issue of fact. Plaintiffs simply need to ask their clients for

---

[25]Plaintiffs' Brief in Support of Motion to Conduct Discovery at p. 4, f.n. 1.

[26]*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1177 (6th Cir. 1992).

that information, if it exists.

A party seeking additional time for discovery must comply with the requirements of Rule 56(f). That rule requires Plaintiffs to disclose what material facts they hope to uncover. Plaintiffs have failed to meet the obligations of Rule 56(f). Instead, as Plaintiffs admit, they merely informed the Court of their desire to take to discovery.

Finally, Plaintiffs have not identified any facts they hope to uncover that would confer personal jurisdiction over Estrin. Plaintiffs have identified the information they seek (the effect of Estrin's actions in Michigan and the extent of Estrin's contacts with the Coast Guard in Michigan), but that information is irrelevant because it would not support Plaintiffs' claim of personal jurisdiction over Estrin.

For all of these reasons, Plaintiffs Motion should be denied and the hearings on Defendants' Motions should go forward.

Respectfully Submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By:     /s/ Kevin Kalczynski
        Sharon M. Woods (P22542)
        Kevin Kalczynski (P57929)
        Melonie L. M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date: February 12, 2007

f:\docsopen\kkalczynski\l-brf\0331631.01

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2007, I electronically filed the foregoing paper(s) with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Joseph A. Doerr (doerr@dykema.com); and Craig L. John (cjohn@dykema.com). There are no manual recipients.

Parties may access this filing through the Court's system.

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By:   /s/ Kevin Kalczynski
       Sharon M. Woods (P22542)
       Kevin Kalczynski (P57929)
       Melonie L. M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

f:\docsopen\kkalczynski\l-cert\0329890.01