# EXHIBIT 1

LEXSEE 874 F2D 351

DOUGLAS EMMONS, Plaintiff-Appellant, v. ROBERT McLAUGHLIN, DONALD RATLIFF, GARY DEWALT, CITY OF NORWALK, REESE WINEMAN, Defendants-Appellees

No. 88-3437

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

874 F.2d 351; 1989 U.S. App. LEXIS 6454

February 9, 1989, Argued
May 11, 1989, Decided
May 11, 1989, Filed

**SUBSEQUENT HISTORY:**

As Corrected, June 6, 1989. Rehearing Denied, June 30, 1989.

**PRIOR HISTORY:** [**1] On Appeal from the United States District Court for the Northern District of Ohio.

**COUNSEL:**

George R. Smith, Jr., argued, Francis C. Collins, Toledo, Ohio, for Plaintiff-Appellant Douglas Emmons.

David J. Simko, Mark E. Lupe, argued, Brown, Baker, Schlageter & Craig, Toledo, Ohio, for Defendant-Appellee Robert Robert McLaughlin.

David J. Simko, Mark E. Lupe, for Defendant-Appellee Donald Ratliff.

David J. Simko, Mark E. Lupe, for Defendant-Appellee Gary Gary Dewalt.

David J. Simko, Mark E. Lupe, for Defendant-Appellee Norwalk.

David J. Simko, Mark E. Lupe, for Defendant-Appellee Reese Wineman.

**JUDGES:**

Merritt and Nelson, Circuit Judges; and Celebrezze, Senior Circuit Judge.

**OPINION BY:**

CELEBREZZE

**OPINION:**

[*352] CELEBREZZE, Senior Circuit Judge.

Plaintiff-Appellant Douglas Emmons appeals the district court's decision granting summary judgment in favor of the Defendants-Appellees in this section 1983 action for police harassment. Appellant Emmons contends on appeal that the district court erred in finding no genuine issue of material fact in the evidence before the court, and alternatively, that the court abused its discretion in entering summary judgment before he had adequate time for discovery. Because we find no reversible [**2] error in the district court's decision, we affirm.

I.

Appellant Emmons brought this action pursuant to *42 U.S.C. §§ 1983 & 1988* for nominal damages, compensatory damages, punitive damages, and attorney's fees to redress alleged violations of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Appellant contends that Appellees, the city of Norwalk, Ohio, police department; Gary DeWalt, a police officer for the city of Norwalk; Robert McLaughlin, a patrol officer with the Norwalk police department; Reese Wineman, the law director for the city of Norwalk; and Donald Ratliff, the Norwalk chief of police, conspired between 1978 and 1986 to harass and intimidate him solely because of their "unfounded" belief that he was a drug dealer. Appellant, however, had served two six-month jail sentences in the Huron County jail for First Degree Misdemeanors involving cocaine and was released from his one year incarceration in November, 1984. n1 He nonetheless asserts in his complaint that the alleged harassment consisted of unlawful stops of his automobile, police surveillance, questioning of his social and business acquaintances, an unreasonable [**3] search of Appellant's business truck without probable cause, and a confrontation in which Appellant claims that he was verbally threatened by Appellee McLaughlin. As a result, Appellant was unable to carry on his business, and his friends and business associates were dissuaded from having any contact with him for fear that they too would be harassed by Appellees. Appellant finally alleges that the harassment culminated in his [*353] being "run out of town." He is now a resident of Roswell, Georgia.

n1 This information, which Emmons has not disputed, is taken from Appellee Patrolman McLaughlin's affidavit for search warrant. *See* Jt. App. at 64.

Appellant's complaint was filed on May 1, 1987. Appellees responded by filing a motion to dismiss with attached affidavits denying all allegations of wrongdoing. Appellant then countered by submitting a motion in opposition in which he recognized that "Defendants have endeavored at a very early stage in these proceedings to posture this case as one for Summary Judgment." Although Appellant maintained that the court should not consider any matters outside of the pleadings in deciding the motion to dismiss, as a safeguard he submitted his own [**4] affidavit and a copy of a complaint against the police department with his motion. Appellant subsequently commenced discovery with the submission of interrogatories to Appellees as well as requests for admissions and production of documents. On December 7, 1987, however, Appellees filed a "Motion for Summary Judgment," relying on their previously filed affidavits. Appellant responded by filing a motion "In Opposition to Defendants' Motion for Summary Judgment," in which he reiterated his contention that summary judgment was premature.

While summary judgment was pending, Appellant's discovery requests produced no information. In response to Appellees' numerous objections to the requests, Appellant moved to compel discovery. Appellees opposed the motion to compel claiming, *inter alia*, that compulsion was premature before a discovery conference was held under a Local Rule. Appellant then moved to have his motion to compel held in abeyance until the parties could hold the conference.

Three days later, however, on February 19, 1988, the district court granted Appellees' motion for summary judgment, citing a lack of specificity in Appellant's complaint and affidavit, and a consequent [**5] failure to raise any genuine issues of material fact. Appellant moved the district court to alter or amend judgment under *Rules 59 and 60(b), Fed. R. Civ. P.*, seeking additional time for discovery.

The district court denied the motions, however, and this timely appeal ensued.

## II.

We initially face Appellant's contention that the district court erred in granting summary judgment on the "facts" of record. Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(c)*; *see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*. So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," *id. at 323,* the nonmoving party then "must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*. If the nonmoving party is unable to make such a showing, summary judgment is appropriate. Rule 56 thus operates to "isolate and dispose of factually [**6] unsupported claims or defenses." *Celotex, 477 U.S. at 323-324.* Upon a careful review of the record, we agree with the district court that Appellant failed to present "specific facts" sufficient to defeat Appellees' motion for summary judgment.

Appellant cites only two specific instances of Appellees' alleged misconduct. The first concerns his contention that on May 22, 1986, Appellee patrolman McLaughlin confronted Appellant in a Lawson's parking lot and stated, "I am going to get you, Larry Sturgil and Sam Sadoti." McLaughlin then stated that Sturgil was already dead, having committed suicide. Appellant claims that this "threat" caused him to fear for his life in violation of his constitutional rights. Appellant's asserted fear from these spoken words, however, is not an actual infringement of a constitutional right, and thus, it is not actionable under section 1983. *See Macko v. Byron, 760 F.2d 95, 97 (6th Cir. 1985)* (per curiam), *aff'g, 576 F. Supp. 875 (N.D. Ohio 1983); Lamar* [*354] *v. Steele, 698 F.2d 1286 (5th Cir.)* (per curiam), *cert. denied, 464 U.S. 821, 104 S. Ct. 86, 78 L. Ed. 2d 95 (1983)*.

Appellant secondly specifies that on May 5, 1985, Appellees conducted an illegal search of his motor [**7] vehicle, a truck used in his new seafood business. In his complaint, Appellant alleges that the search, though founded on a search warrant, was without probable cause and was conducted in an unreasonable manner, resulting in the destruction of his seafood. Appellant's sworn affidavit, however, virtually ignores the May 5 search.

The district court refused to consider these claims, holding that the incident occurred outside the one-year statute of limitations then applicable to section 1983 actions in Ohio. *See Mulligan v. Hazard, 777 F.2d 340 (6th Cir. 1985).* In light of the Supreme Court's recent decision in *Owens v. Okure, 488 U.S. 235, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989),* however, this court now holds that the Ohio two-year limitations period for bodily injury, *see Ohio Rev. Code Ann. § 2305.10 (Anderson 1988),* applies to section 1983 claims. *See Browning v. Pendleton, 869 F.2d 989,* slip op. at 2 (6th Cir. 1989) (en banc). The district court's statute of limitations holding, therefore, is no longer correct. Nonetheless, after reviewing the materials before the district court, we conclude that summary judgment was properly entered against Appellant on his unlawful search claim.

Appellant's [**8] initial argument, that the May 5 search was not supported by probable cause, is wholly unsupported by this record. The search was based on a warrant issued by a local judge, which was in turn based on the affidavit of Appellee McLaughlin. McLaughlin's affidavit, which included information from "reliable" confidential informants n2 that was substantially corroborated, recounted Appellant's purchase of the truck, ostensibly for his "seafood" business, his trip to the Florida panhandle where he met with a friend who had previously

been convicted of drug offenses in Florida state court, an informant's statement that Appellant's traveling companion, Wally Coder, had "called from Florida and said that he and Emmons were bringing cocaine back to Ohio," and the date the two were scheduled to leave Florida. Appellant presented no facts to the district court, however, that might have undermined the validity of the search warrant issued on this information. We therefore hold that there was no genuine issue concerning whether the local judge had a "'substantial basis for . . . concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) (quoting *Jones v. United [**9] States*, 362 U.S. 257, 271, 80 S. Ct. 725, 4 L. Ed. 2d 697 (1960)).

> n2 Appellant's contention that he should have been permitted to discover the identities of the confidential informants before the entry of summary judgment will be considered below.

Appellant likewise failed to support his allegation that the May 5 search was conducted unreasonably. Appellees' affidavits deny this claim and further state that precautions were taken to ensure that Appellant's merchandise was not harmed, including the purchase of a large amount of ice and the immediate connection of electrical service to the refrigeration unit on Appellant's truck. Appellant's affidavit, however, is completely unresponsive to the Appellees' detailed denials of any improprieties during the search. Therefore, no genuine issue of fact existed concerning the reasonableness of the search of Appellant's truck. n3 Accordingly, although we rely on alternative reasoning, we hold that the district court properly entered summary judgment on Appellant's unlawful search claim.

> n3 In a similar vein, Appellant's complaint alleges that he was unlawfully "strip searched" during the May 5 incident. His affidavit, however, is completely silent as to the particulars of this allegation. At oral argument, Appellant's counsel conceded that no strip search had occurred.

[**10]

The remainder of Appellant's claims concern his sweeping allegations that he was continually "harassed" from 1978 to 1986. Appellees deny each accusation in their affidavits. Appellant's affidavit in response, moreover, only reiterates his allegations in vague and conclusory terms. As [*355] the district court noted, Appellant's failure to give a specific time frame for his various claims of police "misconduct" does not preclude the possibility that the alleged incidents were merely part of the lawful investigation that eventually led up to his arrest and conviction in state court. In any event, we briefly review Appellant's remaining "evidence" in opposition to summary judgment.

In his affidavit, Appellant claims that Appellees stopped him in his automobile "at least ten times" between 1978 and 1986 for "no valid or lawful purpose." Beyond this bare legal conclusion, however, the affidavit is devoid of specific information that might conceivably create a genuine issue concerning whether Appellees had an "articulable and reasonable suspicion" to stop Appellant's car. *See Delaware v. Prouse*, 440 U.S. 648, 663, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979). Similarly, Appellant's vague assertions that he was "frequently followed," [**11] that he was "aware of numerous other situations" where he was "hounded," and that "on numerous occasions" Appellees were observed around his residence, lack the particularity necessary to support his claim of unconstitutional police surveillance. *See United States v. Knotts*, 460 U.S. 276, 282, 103 S. Ct. 1081, 75 L. Ed. 2d 55 (1983) (constitution does not prohibit surveillance of activities in public view); *Katz v. United States*, 389 U.S. 347, 351, 88 S. Ct.

507, 19 L. Ed. 2d 576 (1967) (same); cf. Glaros v. Perse, 628 F.2d 679, 683-84 (1st Cir. 1980) (requiring allegations of unconstitutional surveillance to be stated with particularity).

Appellant's asserted First Amendment claim is likewise deficient. His affidavit states that Appellees "continually harassed most of [his] friends" and that on "numerous occasion" Appellant was told by "various acquaintances" that Appellees had "asked questions about" Appellant. In addition, he claims that two anonymous merchants refused to allow Appellant to sell his seafood from their premises, one allegedly under pressure from Appellees and the other due to the mere presence of police "every time" Appellant's truck was there. Assuming that such conduct might be actionable as a violation of Appellant's [**12] right to association under the First Amendment, we again agree with the district court that Appellant's failure to support these accusations with "specific facts" required the entry of summary judgment. n4

> n4 After summary judgment was entered, Appellant did submit affidavits from several "acquaintances" in support of his Rule 59 and 60(b)(1) motions to alter or amend judgment. However, as the district court held, even if presented as rebuttal evidence on the original motion for summary judgment, the affidavits would not have sufficed to defeat the entry of judgment for the Appellees. The signed affidavits merely assert that the affiants believed they were "harassed" by Appellees, and that Appellees at times inquired about Appellant. Examining the affidavits, which Appellant admittedly had at his disposal some two months before summary judgment was entered, we find no genuine issues of material fact as to the alleged deprivation of Appellant's First Amendment right of association.

Given the sparse "evidence" presented by Appellant, we affirm the trial court's conclusion that summary judgment was appropriate to dispose of his "factually unsupported claims." Celotex, 477 U.S. at 323-24. [**13] n5 The central question on appeal, therefore, is whether the district court abused its discretion in entering judgment before discovery was complete, thus interdicting the development of the facts. We now turn to that issue.

> n5 Given Appellant's inability to support his claims of Appellees' conspiracy to violate his civil rights, we further conclude that he has not adduced the requisite specific facts to invoke the "continuing violations" doctrine, so that incidents occurring outside the limitations period might be considered a part of his claim. See Berry v. E.I. duPont deNemours & Co., 625 F. Supp. 1364, 1375-76 (D. Del. 1985).

III.

The crux of Appellant's appeal is that the case was not yet ripe for summary judgment because discovery was incomplete. In support he makes several related arguments: that he had insufficient notice that the court would convert the motion to dismiss to one for summary judgment; that such conversion unfairly surprised [*356] him; and that the court abused its discretion in not permitting further discovery before addressing the summary judgment motion.

We cannot agree with Appellant's claims that he did not receive adequate notice that Appellees' [**14] motion to dismiss with attached affidavits would be considered a motion for summary judgment, and that he was unfairly surprised by the summary disposition. The record indicates that Appellant was fully aware of the potential summary judgment posture of this case when he opposed Appellees'

original motion to dismiss. n6 Appellant went so far as to file his own affidavit in an attempt to protect his interests should the court proceed to summary judgment. Furthermore, Appellees later filed a motion specifically calling for summary judgment on December 7, 1987, and Appellant filed a motion "In Opposition to Defendants' Motion for Summary Judgment." Under these circumstances, Appellant's claimed lack of notice and unfair surprise are without merit. n7 *See Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389 (6th Cir. 1975).

n6 In his Memorandum In Opposition to Appellees' Motion to Dismiss, Appellant stated, "Thus, when affidavits are submitted to the Court in support of a Motion to Dismiss *and* not excluded by the Court, the Motion is to be treated as one for Summary Judgment under Rule 56. Thus, it appears that Defendants have endeavored at a very early stage in these proceedings to posture this case as one for Summary Judgment." Additionally, in attaching an affidavit of Appellant and a copy of a complaint against Officer McLaughlin to his motion, Appellant stated, "An examination of that affidavit will reveal that it is much more particularized and detailed than those submitted by Defendants and creates a substantial issue of material fact making any summary disposition of this case improper at this juncture."
[**15]

n7 Since Appellant failed to establish lack of notice and unfair surprise, we also affirm the district court's decision to deny him relief from judgment under *Rule 60(b)(1), Fed.R.Civ.P.*, on those grounds. *See Matter of Park Nursing Ctr., Inc. v. Samuels*, 766 F.2d 261, 264-65 (6th Cir. 1985).

As the district court stated, "The gravamen of [Appellant's] claims is that the court abused its discretion in entering summary judgment before [Appellant] had time for adequate discovery in this action." It is well established, however, that the scope of discovery is within the sound discretion of the trial court. *See Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.), *cert. denied*, 454 U.S. 893, 102 S. Ct. 388, 70 L. Ed. 2d 207 (1981); *H.K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.*, 536 F.2d 1115, 1119 (6th Cir. 1976). The party opposing a motion for summary judgment, therefore, possesses no absolute right to additional time for discovery under *Rule 56, Fed.R.Civ.P. See Timberlane Lumber Co. v. Bank of America, N.T. & S.A.*, 549 F.2d 597, 602 (9th Cir. 1976); *see also United States Through Small Business Administration v. Light*, 766 F.2d 394, 397 (8th Cir. 1985). Rather, Rule [**16] 56(f) provides the mechanism through which the party may obtain more time:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Fed. R. Civ. P. 56(f)*. However, as stated in *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, 96 S. Ct. 1116, 47 L. Ed. 2d 320 (1976):

Rule 56(f) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. Where, as here, a party fails to carry his burden [**17] under Rule 56(f), postponement of a ruling on a [*357] motion for summary judgment is unjustified.

*Id.* at 297. Appellant bore the burden, therefore, to demonstrate to the district court "for reasons stated" why he could not oppose the summary judgment motion by affidavit and how postponement of a ruling on the motion would enable him to rebut Appellees' showing of the absence of a genuine issue of fact. We conclude that Appellant failed to make this showing before the district court, and therefore, that the court's refusal to grant additional discovery was not an abuse of discretion.

The only affidavit before the district court that might have literally satisfied the requirements of Rule 56(f) was Appellant's, but it clearly failed to indicate "for reasons stated" why he could not "present by affidavit facts essential to justify [his] opposition" to Appellees' motion for summary judgment. The fundamental failure in the affidavit, as we described above, was its inability to substantiate Appellant's allegations of harassment with any details. This lack of specificity, without any apparent justification on the face of Appellant's affidavit, gave the district court ample reason to deny [**18] Appellant's request for additional discovery.

Appellant maintains on appeal that the lack of specificity in his affidavit was justified because the relevant facts were solely in Appellees' possession. Appellant thus relies on the ongoing discovery dispute to provide the "reasons stated" for a postponement of summary judgment under Rule 56(f). Given the nature of Appellant's allegations, however, we believe that his right to further discovery hinged not upon information in Appellees' control, but instead upon facts that, if they existed, should have been within Appellant's personal knowledge. His refusal to divulge his knowledge to the district court justified the early entry of summary judgment here.

Appellant claims that he was present when "numerous" instances of harassment occurred including police surveillance and unlawful stops of his vehicle, yet his affidavit provides no details of the approximate dates, times, manner, location, or other circumstances surrounding the allegedly unconstitutional incidents. If Appellant was the target of Appellees' actions, we believe that such details would and should have been within his control. As the First Circuit stated in *Glaros*:

> [**19] In a case allegedly involving surveillance, we do not think it unrealistic or unfair to expect a plaintiff to describe briefly in his complaint the activities of each defendant said to have surveilled him and how his constitutional rights were impinged upon. Indeed, this is necessary to stating a claim because all surveillance is not *per se* violative of constitutional rights.

*628 F.2d at 684.* We likewise believe that it is not unfair to require a party to show some factual basis for his claims of police harassment before being permitted to conduct "extensive" discovery. Because Appellant failed to make such a showing and failed to offer a reasonable justification to the district court for his inability to recall any details of the harassment that might have then warranted further discovery, we find no abuse of discretion in the court's denial of relief pursuant to Rule 56(f).

For similar reasons, Appellant failed to show that discovery was necessary to develop his claim of unlawful search on May 5, 1985. Appellant, who was supposedly present, should have been able to specify the manner of the alleged destruction of his merchandise and the nature of his loss, but those details are [\*\*20] absent from his affidavit. In view of Appellees' uncontested denials of these events, further discovery was not justified on this issue.

Appellant further contends that summary judgment should have been postponed until Appellees disclosed the identities of the confidential informants relied upon in obtaining the search warrant. Appellant suggests that disclosure, or at the very least an *in camera* hearing by the district court, was required to ensure that Appellees had not fabricated the information that established probable cause for the warrant. The burden is on the individual seeking disclosure of a confidential informant, however, to show the need for disclosure. *See United States v. Jiles,* 658 F.2d 194, 197 [\*358] (3rd Cir. 1981), *cert. denied,* 455 U.S. 923, 102 S. Ct. 1282, 71 L. Ed. 2d 465 (1982); *see also Pickel v. United States,* 746 F.2d 176, 181 (3rd Cir. 1984). Mere speculation as to the usefulness of the informant's testimony is insufficient to justify disclosure of his identity. *United States v. Estrella,* 567 F.2d 1151, 1153 (1st Cir. 1977). Appellant's request for the informants' identity, however, is premised solely on speculation. The information supplied by the confidential informants in the [\*\*21] affidavit for the warrant was substantially correct and corroborated. The information included: the identity of Appellant's truck; the date Appellant left for Florida and the identity of his companion, Wally Coder; Drug Enforcement Administration (DEA) confirmation that Appellant visited and associated with a known drug offender who was then on probation; and the date Appellant departed Florida for Ohio. Since Appellant has never disputed any of these factual assertions, his concern that McLaughlin might have "fabricated" the information seems quite misplaced. Moreover, Appellant gives no reason to conclude that the informants, who McLaughlin stated were "reliable" and who gave apparently accurate information, were in fact unreliable. Without some reason to question the informants' existence or credibility, Appellant had no right to disclosure of their identity. *Cf. Acavino v. Daiss,* 555 F. Supp. 380 (E.D. Pa. 1983) (*in camera* disclosure of confidential informant warranted by allegations that police officer knew informant's information was false and uncorroborated), *aff'd without opinion,* 734 F.2d 3 (3d Cir. 1984). Accordingly, postponement on this ground was appropriately [\*\*22] denied by the district court.

Finally, we also find no abuse of discretion in the trial court's determination not to permit further discovery on Appellant's First Amendment freedom of association claim. Appellant's motion to compel discovery requested documents that would reveal the nature of any contact between Appellees and his "known associates." Once again, however, because of a total lack of specificity in Appellant's affidavit regarding the identity of his associates, the manner of harassment, and its effect on his relationships with these unknown acquaintances, the district court's refusal to permit the discovery to proceed was not an abuse of discretion.

It is particularly noteworthy that Appellant offered no affidavits on summary judgment from his acquaintances in support of his allegations that his constitutional rights were violated. Several acquaintances' affidavits were ultimately submitted to the district court after judgment with Appellant's motion to alter or amend under *Rule 59, Fed.R.Civ.P.*, though Appellant concedes that they were in his possession almost two months before summary judgment was entered. It is well established, however, that a district court does [**23] not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the original entry of judgment. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir. 1987)*; 6A J. Moore, Moore's Federal Practice para. 59.08[3] (1982). Moreover, as we have indicated, *see supra* note 4, these late-filed affidavits merely repeated the vague and conclusory allegations of police harassment that marked Appellant's affidavit, and were insufficient to generate a genuine issue of material fact. Under these circumstances, their submission to the district court does not lead us to conclude that the court abused its discretion in deciding summary judgment before additional discovery was taken.

Perhaps the only information in this record that might arguably have justified the postponement of summary judgment is contained in the affidavit of Appellant's counsel, which was also submitted with the Rule 59 motion. Counsel claims that he interviewed individuals who had terminated business relationships with Appellant due to pressure from Appellees, but who refused to provide affidavits for fear of retaliation from [**24] Appellees. Although counsel suggests that he interviewed "numerous witnesses," his affidavit gives only two examples of merchants who refused to cooperate with him.

[*359] We again note that all of this information was known by Appellant's counsel at least two months before summary judgment, and his unjustified failure to timely submit it to the district court precludes our finding on appeal that the trial court abused its discretion in not permitting further discovery based on this "new" information. *See Coastal Transfer, 833 F.2d at 211-12*; 6A Moore's Federal Practice para. 59.08[3]. Furthermore, even if counsel had proposed an adequate justification for his withholding this information, the court's refusal to reopen the case for discovery would still have been within its broad discretion. Given Appellant's failure to substantiate his overall harassment claims, and specifically his inability to identify in his affidavit persons who discontinued their business with him and how his livelihood was affected, his counsel's submission that two individuals refused to cooperate in the investigation is not sufficient, standing alone, for us to find an abuse of the trial court's discretion. [**25]

In our view, Appellant had a reasonable opportunity to demonstrate to the district court why further discovery was required, yet in his affidavit he was unable to justify his failure to furnish facts bolstering his opposition to the entry of summary judgment. n8 Given the absence of any significant probative evidence tending to support the complaint, evidence that should have been within Appellant's knowledge, we cannot say that the district court's refusal to permit further discovery was an abuse of discretion.

> n8 Emmons' broad allegation that he lacked adequate time for discovery is not persuasive. Appellant's original complaint was filed on May 1, 1987. He had more than nine months to conduct discovery before the district court granted summary judgment on February 19, 1988. We do not believe that nine months before entry of summary judgment is necessarily too short a period in which to expect discovery to be com-

874 F.2d 351, *; 1989 U.S. App. LEXIS 6454, **

pleted in a case such as this. *See Portland Retail Druggists Assn. v. Kaiser, 662 F.2d 641, 646 (9th Cir. 1981)* (holding that a three month period was sufficient).

[**26]

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.