# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation,

Case No. 06-15185

        Plaintiffs,

Hon. Nancy G. Edmunds

vs.

Magistrate Judge Steven R. Whalen

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

        Defendants.

---

Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Attorneys for Plaintiffs
DYKEMA GOSSETT, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304-2820
Phone: (248) 203-0714
Email: cjohn@dykema.com

Sharon M. Woods (P22542)
Kevin Kalczynski (P57929(
Melonie M. Stothers (P65344)
Attorneys for Defendants
BARRIS, SOTT, DENN & DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

## PLAINTIFFS' MOTION TO DISREGARD CERTAIN STATEMENTS FROM DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

Plaintiffs, CenTra, Inc. and Detroit International Bridge Company, through their attorneys, Dykema Gossett PLLC, state that they rely upon the arguments set forth in the attached brief in support of their Motion to Disregard.

Pursuant to L.R. 7.1(a), Plaintiffs sought concurrence in the relief being sought via letter dated March 28, 2007.  Plaintiffs requested that Defendants withdraw these untrue, inappropriate and unsupported statements from their Reply Brief and Defendants did not respond.  Therefore, Plaintiffs were forced to file this motion.

WHEREFORE, Plaintiffs request that this Court grant their Motion to Disregard and disregard the statements identified in the attached brief that are contained in Defendants' Reply Brief.

Respectfully submitted,

s/Joseph A. Doerr
Attorneys for Plaintiffs
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
Phone:  (248) 203-0875
E-mail:  jdoerr@dykema.com
Joseph A. Doerr  (P66109)

Dated:  April 2, 2007

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

1

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation,

      Case No. 06-15185

          Plaintiffs,

      Hon. Nancy G. Edmunds

vs.

      Magistrate Judge Steven R. Whalen

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

          Defendants.

---

Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Attorneys for Plaintiffs
DYKEMA GOSSETT, PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304-2820
Phone: (248) 203-0714
Email: cjohn@dykema.com

Sharon M. Woods (P22542)
Kevin Kalczynski (P57929(
Melonie M. Stothers (P65344)
Attorneys for Defendants
BARRIS, SOTT, DENN & DRIKER, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO DISREGARD CERTAIN STATEMENTS FROM DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................... ii

STATEMENT OF ISSUES PRESENTED................................................................ iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ................................. iv

INTRODUCTION .......................................................................................................1

FACTS ........................................................................................................................1

LAW AND ARGUMENT ...........................................................................................2

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

# TABLE OF AUTHORITIES

Page(s)

## **Cases**

*Lombard v. MCI Telecommunications Corp.*,
   13 F.Supp.2d 621 (N.D. Ohio 1998)...........................................................................iv, 3

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## STATEMENT OF ISSUES PRESENTED

1.      Whether the untrue, immaterial and unsupported allegations by Defendants in their Reply Brief should be disregarded by this Court?

Plaintiffs answer yes.

Defendants answer no.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Lombard v. MCI Telecommunications Corp.*, 13 F.Supp.2d 621 (N.D. Ohio 1998)

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**INTRODUCTION**

Defendants' Reply Brief in Support of their Motion for Summary Judgment [25] contains at least three allegations that are untrue, immaterial and unsupported by any evidence whatsoever. These statements could only be made for the improper purpose of tainting Plaintiffs' reputation and credibility in the eyes of this Honorable Court. Plaintiffs, not wanting to involve the Court in these types of issues, sent a letter to Defendants' counsel asking that they voluntarily withdraw the offending statements. (Ex. A). Defendants have refused to withdraw the statements, and therefore Plaintiffs were left with no choice but to file this Motion to Disregard. This Court should grant the Motion to Disregard, and the three allegations discussed further below should not be considered by this Court.

**FACTS**

On page 1 of their Reply Brief, Defendants make at least three allegations that are untrue, immaterial and unsupported by an evidence: (1) Dan Stamper, President of the Detroit International Bridge Company, is the son-in-law of Manuel J. Moroun, one of the owners of CenTra; (2) CenTra and its owner (sic) are legendary in this jurisdiction for litigating every issue to death, *whether it has merit or not*" (emphasis added); and (3) Plaintiffs are "well experienced in engaging and dismissing lawyers by the dozen." Each statement is addressed below.

The allegation that Dan Stamper is Mr. Moroun's son-in-law is not only untrue, immaterial and made without reference to any evidentiary support, *but is also impossible as a matter of fact*. The least bit of investigation by Defendants would have revealed that Mr. Moroun has only one child – his son Matthew. Mr. Moroun does not have and has never had a daughter. Dan Stamper is not related to the Moroun family in any way, and it is a mystery as to how Defendants could have possibly reached this fraudulent conclusion, and then represented it

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

1

to the Court to be true.  Nevertheless, when requested that they withdraw the allegation, or produce evidence to support it, Defendants did nothing.

Defendants also claim, again without any evidentiary support, that "Centra and its owner (sic) are legendary in this jurisdiction for litigating every issue to death, *whether it has merit or not*." (Reply Brief, p. 1)(emphasis added).  This "statement of fact" is clearly made in an attempt to prejudice this Court against Plaintiffs, and their owners, who are not even a party to this lawsuit.  The clear import of this statement is that Defendants believe Plaintiffs will file meritless lawsuits and take positions regardless of their soundness.  This allegation is not only untrue and offensive to Plaintiffs, but is offensive to counsel for Plaintiffs, who for years have represented Plaintiffs in various lawsuits, all of which had merit, in many jurisdictions.  It is disappointing that a law firm like Defendants' counsel would make such a statement.  Of course, Defendants cite no evidence for this scandalous accusation because there is no such proof.  This allegation is untrue, inappropriate and immaterial, and should not be considered by this Court.

Finally, Defendants claim on page 1 of their Reply Brief that Plaintiffs are "well experienced in engaging and dismissing lawyers by the dozen."  Again, Defendants offer no evidentiary support for this wild, immaterial allegation because there is none.  For unknown reasons, Defendants refused to withdraw this statement, or any of the others, and refused to offer any factual support for these statements despite Plaintiffs' request to do so.

## LAW AND ARGUMENT

Defendants have unfortunately chosen to not voluntarily withdraw these unsupported, immaterial and scandalous statements, and thus Plaintiffs are forced to involve the Court.  The Sixth Circuit has determined that the proper vehicle for addressing this issue is not a motion to strike, because Defendants' brief is not a pleading as defined by the Federal Rules of Civil Procedure, but instead is a motion to disregard.  *See Lombard v. MCI Telecommunications*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

2

*Corp.*, 13 F.Supp.2d 621, 625 (N.D. Ohio 1998)(observing the Sixth Circuit's general prohibition against Fed. R. Civ. P. 12(f) motions with respect to non-pleadings, and suggesting that a party may ask a court to "disregard" evidence)

Here, Plaintiffs request that this Court disregard the above statements because they are untrue, immaterial and, although made as "statements of fact," are nothing more than improper lawyer argument unsupported by any documentary or other evidence. Defendants' unreasonable recalcitrance in refusing to withdraw the statements is exemplified by their the allegations about Mr. Stamper being Mr. Moroun's son-in-law – *something that is not even factually possible given the fact that Mr. Moroun has no daughter.* The other statements by Defendants are nothing but an attempt to paint the Plaintiffs in a negative light with this Court. These allegations are inappropriate, undignified and not supported by any evidence and should not be considered by this Court.

WHEREFORE, Plaintiffs respectfully request that this Court grant their Motion to Disregard and disregard the improper, unsupported and untrue allegations by Defendants outlined above.

Respectfully submitted,

s/Joseph A. Doerr
Attorneys for Plaintiffs
DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-5086
Phone: (248) 203-0875
E-mail: jdoerr@dykema.com
Joseph A. Doerr (P66109)

Dated: April 2, 2007

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Sharon M. Woods, Kevin Kalczynski, Melonie M. Stothers, Craig L. John and Joseph A. Doerr.

s/Joseph A. Doerr

DYKEMA GOSSETT PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI  48304-5086
Ph:  (248) 203-0875
E-mail:   jdoerr@dykema.com
Joseph A. Doerr (P66109)

BH01\742858.2
ID\TJMU

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

4