# EXHIBIT A



Dykema Gossett PLLC
Suite 300
39577 Woodward Avenue
Bloomfield Hills, Michigan 48304
WWW.DYKEMA.COM
Tel: (248) 203-0700
Fax: (248) 203-0763

**Craig L. John**
Direct Dial: (248) 203-0714
Email: CJOHN@DYKEMA.COM

March 28, 2007

**Via E-mail and U.S. mail**

Sharon M. Woods, Esq.
Barris, Sott, Denn & Driker, P.L.L.C.
15th Floor
211 West Fort Street
Detroit, MI 48226-3281

Re:   <u>CenTra, Inc., et al. v. David Estrin, et al.</u>
      Case No. 06-15185

Dear Sharon:

I reviewed Defendants' Reply Brief in Support of their Motion for Summary Judgment filed on March 23, 2007. Interestingly, Defendants stressed in their reply brief that, by signing a pleading like the reply brief, an attorney certifies to the Court that, after reasonable inquiry, "the allegations and other factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b)(3). As discussed further below, there are numerous allegations in your reply brief that need to be withdrawn immediately because they are untrue, immaterial and not supported by any evidence.

On page 1 of the brief, Defendants state *as a matter of fact* that Dan Stamper is the son-in-law of Matty Moroun. This statement is not only untrue, immaterial and made without reference to any evidentiary support, but is also impossible as a matter of fact. The least bit of investigation by Defendants would have revealed that Matty Moroun has only one child – his son Matthew. Matty Moroun does not have and has never had a daughter. Dan Stamper is not related to the Moroun family in any way, and it is a mystery as to how Defendants could have possibly reached this fraudulent conclusion and then represented it to the Court to be true, especially in light of its insignificance to the proceedings involved. The Defendants' motives in perpetrating this falsehood escapes me.

Defendants also claim, again without any evidentiary support, that "Centra and its owner (sic) are legendary in this jurisdiction for litigating every issue to death, *whether it has merit or not*." (Reply Brief, p. 1)(emphasis added). This "statement of fact" is apparently an attempt to prejudice the Court against Plaintiffs, and their owners, who are not even a party to this lawsuit.

Case 2:06-cv-15185-NGE-RSW ECF No. 27-2, PageID.876 Filed 04/02/07 Page 3 of 3



Sharon M. Woods, Esq.
March 28, 2007
Page 2

Defendants cite no evidence for this scandalous accusation because there is no such proof. This allegation is untrue, inappropriate and immaterial, and must be withdrawn.

Finally, Defendants claim on page 1 that Plaintiffs are "well experienced in engaging and dismissing lawyers by the dozen." Again, Defendants offer no evidentiary support for this wild, immaterial allegation because there is none. If Defendants have evidentiary support for this, or any of the above allegations, please produce it immediately. Otherwise, all of these statements must be withdrawn because they are in violation of Rule 11.

These attempts to taint the Court against Plaintiffs, while transparent and pathetic, are inappropriate and must be immediately withdrawn. Unless Defendants have withdrawn the above statements from their reply brief on or before noon on March 30, 2007, I will take that to mean Defendants will not do so and Plaintiffs will have no choice but to file a motion to strike the reply brief pursuant to Fed. R. Civ. P. 12(f). I hope involving the Court on this issue will not be necessary.

Very truly yours,

DYKEMA GOSSETT PLLC

*Craig L. John*

Craig L. John

cc: Kevin Kalczynski, Esq. (via email)
     Thomas J. Murray, Esq. (via email)

CALIFORNIA | ILLINOIS | MICHIGAN | WASHINGTON D.C.