UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP, a
Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**Attorneys for Plaintiffs:**
Craig L. John (P27146)
Thomas J. Murray (P56331)
Joseph A. Doerr (P66109)
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Phone: (313) 568-6800
Email: cjohn@dykema.com

**Attorneys for Defendants:**
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Barris, Sott, Denn & Driker, PLLC
211 West Fort Street, 15th Floor
Detroit, Michigan 48226
Phone: (313) 965-9725
Email: kkalczynski@bsdd.com

---

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO DISREGARD CERTAIN STATEMENTS FROM
DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
<u>MOTION FOR SUMMARY JUDGMENT</u>**

## Table of Contents

STATEMENT OF ISSUE PRESENTED .................................................... ii

I.   INTRODUCTION ............................................................... 1

II.  ARGUMENT ................................................................... 1

     A.   CenTra and its Owner Do Have Reputations For Being Litigious ...... 1

     B.   Plaintiffs Have Engaged and Dismissed Numerous Lawyers .......... 4

     C.   Dan Stamper's Relationship with Matty Moroun ................... 5

III. CONCLUSION ................................................................. 6

## STATEMENT OF ISSUE PRESENTED

Whether this Court should disregard true and material statements contained in Defendants' Reply Brief in Support of their Motion for Summary Judgment?

Plaintiffs answer yes.

Defendants answer no.

## I. INTRODUCTION

Defendants made three statements in the *Introduction* to their Reply Brief in Support of Their Motion for Summary Judgment ("Reply Brief") about which Plaintiffs complain. The documentation attached to this response proves that two of those statements are absolutely true. CenTra and its owner, Matty Moroun, *are* legendary in this jurisdiction for litigating every issue to death, whether it has merit or not; and Plaintiffs *are* well-experienced in engaging and dismissing lawyers by the dozen. The third statement, that Dan Stamper is Matty Moroun's son-in-law is not true, and Defendants hereby withdraw it.

## II. ARGUMENT

### A. CenTra and Its Owner Do Have Reputations For Being Litigious

Plaintiffs complain about Defendants' characterization of CenTra and Moroun as being litigious and litigating every issue to death.[1] But the Defendants' description of CenTra and Moroun's reputation when it comes to litigating is well-founded. In fact, an article in *Forbes* magazine characterized Moroun as a one-man lawyer employment act:

> "[Matty Moroun] guards his interests jealously. He has fought the federal government, the city of Detroit and various private foes so vociferously in court that [Kenneth M. Davies] calls him 'a one-man lawyer employment act.' One case, against the General Services Administration, has languished in court for 25 years."[2]

---

[1] Significantly, Plaintiffs did not challenge Defendants' statement in their Introduction that "[Plaintiffs] are also quite practiced in the art of crying 'conflict' when it suits their needs, regardless of the merits of such a charge."

[2] Ex. 1, Stephane Fitch & Joann Muller, *The Troll Under the Bridge*, FORBES, 2004 WLNR 12862988, p. 2 (Vol 174, Issue 10, Nov. 15, 2004).

1

More recently, after the Canadian House of Commons passed Bill C-3, which gives the Canadian government the power to approve or deny the proposed twinning of the Bridge, an article in *Today's Trucking* referred to Moroun and CenTra's reputation: "If past judgments against his bridge business in both Canada and the U.S. are any indication, Moroun could very well still challenge the Canadian government in court."[3]

A quick search for only six of the dozens of CenTra affiliates[4] in the Macomb County Circuit Court, Oakland County Circuit Court, and United States District Court for the Eastern District of Michigan shows why Moroun is known for being a "one-man lawyer employment act". Those searches, covering from 1990 to the present, revealed over fifty cases involving CenTra or its affiliates (collectively referred to as "Affiliates").[5] Of those cases, at least one of the Affiliates was a plaintiff thirty-six times and filed either a cross claim, third party claim, or counter claim three other times.[6]

For example, in 2004, CenTra's affiliate, Central Transport International, filed a series of twenty lawsuits in the Eastern District of Michigan.[7] Of those twenty lawsuits, half were ultimately

---

[3] Ex. 2, TODAY'S TRUCKING, *Law giving feds bridge powers passes; Other bylaw halts Ambassador work* (Jan. 30, 2007).

[4] The CenTra affiliates searched for were Detroit International Bridge Company ("DIBC"), Central Transport International, Central Transport, Mason and Dixon Lines, McKinlay Transport, and Central Cartage Company.

[5] Ex. 3; Ex. 4.

[6] *Id.*

[7] Ex. 4.

2

dismissed within months after filing,[8] including three which were dismissed following either a motion or order for show cause why the suits should not be dismissed for failure to prosecute.[9]

As mentioned in the *Forbes* article, DIBC has been in litigation with the United States General Services Administration ("GSA") *for 28 years*—since 1979.[10] According to the latest written opinion regarding that lawsuit, DIBC sought to reverse the trial court because of its choice in determining which interest rate should apply to a jury verdict reached in 2002.[11] DIBC further challenged the trial court's refusal to hold yet another evidentiary hearing regarding the interest rate issue.[12] The Sixth Circuit found no error in the trial court's denial of an evidentiary hearing because

---

[8] *Central Transport International v. Import Trenz, L.L.C.*, Case No. 2:04-cv-74775-NGE-PJK (E.D. Mich.); *Central Transport International v. Body Invest, L.L.C.*, Case No. 2:04-cv-72748-PJD-WC (E.D. Mich.); *Central Transport International v. Walmart Corp.*, 2:04-cv-72144-AJT-MKM (E.D. Mich.); *Central Transport International v. Plasteco, Inc.*, Case No. 2:04-cv-74777-AJT-MKM (E.D. Mich.); *Central Transport International v. FF Acquistion Corp.*, Case No. 2:04-cv-74776-PDB-MKM (E.D. Mich.); *Central Transport International v. America Radionic Co.*, Case No. 2:04-cv-74431-AC-MKM (E.D. Mich.); *Central Transport International v. Infinite Deals, L.L.C.*, Case No. 2:04-cv-74229-VAR-WC (E.D. Mich.); *Central Transport International v. Bomark 100, Inc.*, Case No. 2:04-cv-74228-AC-PJK (E.D. Mich.); *Central Transport International v. Streamline Shippers Assoc. Inc.*, Case No. 2:04-cv-73100-NGE-DAS (E.D. Mich.); *Central Transport International v. Hydro Spa Parts and Accessories, Inc.*, Case No. 2:04-cv-72745-JCO-WC (E.D. Mich.).

[9] *Central Transport International v. Import Trenz, L.L.C.*, Case No. 2:04-cv-74775-NGE-PJK (E.D. Mich.); *Central Transport International v. Body Invest, L.L.C.*, Case No. 2:04-cv-72748-PJD-WC (E.D. Mich.); *Central Transport International v. Walmart Corp.*, 2:04-cv-72144-AJT-MKM (E.D. Mich.).

[10] Ex. 5, *U.S. v. Certain Land Situated in the City of Detroit, Wayne County*, 79-cv-73934-GER (E.D. Mich), last entry in docket March 29, 2007; Ex. 6.

[11] Ex. 7, *U.S. v. Certain Land Situated in the City of Detroit, Wayne County*, 450 F.3d 205 (6th Cir. 2006).

[12] *Id.* at 213 n.3.

of "the amount of materials submitted by the parties".[13] Following the Sixth Circuit's denial of its appeal, DIBC filed a petition for writ of certiorari to the Supreme Court of the United States, which included DIBC's objection regarding the trial court's decision to deny an evidentiary hearing.[14] The Supreme Court denied the petition.[15] This petition is just one of seven unsuccessful petitions for writs of certiorari that CenTra and its Affiliates have filed since 1991,[16] a level of Supreme Court activity not seen in most companies vastly larger than CenTra.

### B. Plaintiffs Have Engaged and Dismissed Numerous Lawyers

Plaintiffs also complain about Defendants' statement regarding the dozens of lawyers Plaintiffs have engaged and dismissed over the years. In the docket searches described above, it appears that in the fifty cases that we found for only six CenTra Affiliates, they have been represented by *approximately two dozen different law firms*.[17] Those law firms do not include the Laing Michener firm or the Paroian firm, which represented CTC and DIBC in matters adverse to the City of Windsor, Gowlings' client. Finally, in Plaintiffs' Brief in Opposition to Defendants' Motion for Summary Judgment ("Response Brief"), Plaintiffs admit that they replaced the Goodman

---

[13] *Id.*

[14] Ex. 8, DIBC's Petition for Writ of Certiorari, Case No. 06-639, p. 19 (U.S. Nov. 3, 2006).

[15] Ex. 9, p. 2, *Detroit International Bridge Co. v. U.S.*, 549 U.S. ___, ___ S. Ct. ___, ___ L. Ed. ___ (Mar. 19, 2007).

[16] *Id.*; Ex. 10.

[17] There were at least twenty-two law firms identified. Ex. 3; Ex. 4.

& Goodman firm with Gowlings in the seven-year long FIRA litigation.[18] That "bet the company" litigation involved the Canadian government's attempt to take over the control of the Canadian half of the Ambassador Bridge (the "Bridge"),[19] yet Plaintiffs dismissed the law firm that was representing them mid-way through litigation.

### C. Dan Stamper's Relationship with Matty Moroun

Finally, Plaintiffs complain about Defendants' characterization of Dan Stamper, the President of the Detroit International Bridge Company, as Matty Moroun's son-in-law. Defendants erred in this characterization and hereby withdraw it. Nevertheless, the point of the statement, which is unchallenged by Plaintiffs, is that CenTra and its numerous subsidiaries are closely held and run by a small, private group of individuals.[20] Dan Stamper has been the President of DIBC since 1990[21] and is commonly referenced with Matty Moroun or his son, Matthew Moroun, in press coverage regarding the Bridge and on the Bridge's own website.[22] In fact, the Bridge's website states that

---

[18] Plaintiffs' Response Brief, p. 5.

[19] *Id.* at pp. 4–5.

[20] CenTra is among the largest 500 privately held companies in America. Ex. 11, Central Transport International, Inc., *Who We Are*, http://centraltransportint.com/companyinfo/whoweare.aspx (4/28/2006 archive) *at* http://web.archive.org/web/20060428075216/http://centraltransportint.com/companyinfo/whoweare.aspx.

[21] Affidavit of Dannie Stamper, Exhibit B to Plaintiffs' Response Brief.

[22] Ex. 2; Ex. 12; Ex. 13, Ambassador Bridge History, Ready for the Future *at* http://www.ambassadorbridge.com/history/ready_for_the_future.html (printed April 2, 2007).

Matty Moroun and Dan Stamper "set a vision for the future" of the Bridge together.[23]

The close relationship between Stamper, Matty Moroun, and Matthew Moroun shows that what Stamper knew about Gowlings' representation of clients adverse to CenTra and its affiliates was knowledge possessed at the very top levels of the CenTra organization. Moreover, CenTra's experience in litigation, its willingness to raise conflict claims when it suits its needs, and its use of dozens of law firms to serve its interests, form the background against which Plaintiffs' delay in raising the potential conflict here should be judged. Plaintiffs knew precisely what they were doing when they hired Gowlings to represent CTC, with the full knowledge that Gowlings was then representing clients on matters adverse to Plaintiffs.

## III. CONCLUSION

The Court should deny Plaintiffs' Motion to Disregard.

Respectfully Submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ _____
Sharon M. Woods (P22542)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Attorneys for Defendants
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: mstothers@bsdd.com

Date: April 5, 2007

f:\docsopen\mstothers\l-resp\0334815.02

---

[23] *Id.*

6