# EXHIBIT 2

Case 2:06-cv-15185-NGE-RSW Document 23 Filed 03/13/2007 Page 4 of 6
FROM : BINAVINCE      FAX NO. :613-749-3769      Mar. 12 2007 07:32PM P4
Case 2:06-cv-15185-NGE-RSW    ECF No. 34-4   filed 04/25/07    PageID.1277    Page 2 of 4

## DECLARATION OF EMILIO S. BINAVINCE

**EMILIO S. BINAVINCE**, hereby declares as follows:

1. I was out of my office on a trip to Hong Kong, Laos and Singapore from February 14, 2007 until March 05, 2007. I would have been able to file this Declaration on or before March 09, 2007 if I had not been out of the country for such an extended period of time.

2. I am a member of the Bar (called "Law Society of Upper Canada") of the Province of Ontario, Canada having been admitted as barrister and solicitor on June 18, 1971. As such, I have been engaged in the private practice of law from 1975 to early 1990's in the firm of Gowling & Henderson, now Gowling, Lafleur and Henderson ("Gowlings"), at 160 Elgin Street, Ottawa, Ontario, Canada.

3. During the course of my practice in Gowling, I, as partner, and Gordon F. Henderson, as chairperson and partner, of the firm, have acted as lawyers for Central Cartage Company (now Centra, Inc.) and its affiliates in relation to the attempt of the Government of Canada to take control, possession and ownership of the Ambassador Bridge, allegedly under the authority of the Foreign Investment Review Act, Can.Stat., ch.46 (1973-74) ("FIRA"). In the course of our work, Mr. Henderson and I were assisted by an articling student and, subsequently, associate of the firm, Mr. Ron Lunau. Mr. Lunau is currently a partner at Gowlings.

4. My and Mr. Henderson's representation of Centra extended to a number of litigation in the Federal Court of Canada, both in the Trial Division and the Court of Appeal (see, e.g. Central Cartage Co. v. Attorney General of Canada, [1982] 1 F.C.45 (C.A.) and discussion, negotiation and conclusion of the settlement of various issues

Case 2:06-cv-15185-NGE-RSW Document 23 Filed 03/13/2007 Page 5 of 6
FROM : BINAVANCE    FAX NO. : 613-749-3786    Mar. 13 2007 07:33PM P2
Case 2:06-cv-15185-NGE-RSW ECF No. 34-4 filed 04/25/07 PageID.1278 Page 3 of 4

including the ultimate abandonment of the Government's take-over action under FIRA. In the course of this work, I and members of the staff and colleagues at Gowlings made extensive research, studies and analysis of relevant factual considerations and administrative, statutory and judicial matters, including statutory, executive and administrative events in the United States and Canada, relating to the Ambassador Bridge. Specifically, I, personally, examined and made notes of the factual and legislative history of the statutes and executive actions governing the construction of the Ambassador Bridge in Canada and the United States, particularly the Canadian statute incorporating the Canadian Transit Company. In preparation for the negotiation with Mr. Bryan Findlay, then counsel for the Government of Canada, of the settlement of the problem by the Government of Canada discontinuing its action to obtain ownership of the Ambassador Bridge without compensation, I also studied and collected materials on issues relating to the extent and nature of the impact of the operation of the Ambassador Bridge on the surrounding lands and residents of the City of Windsor. As a result of the negotiations, the action of the Government of Canada was subsequently abandoned and the FIRA proceedings were withdrawn. All material generated by the firm during our engagement and those provided by our instructing U.S. counsel, Mr. Patrick A. Moran, the United States lawyer engaged by Centra, including materials he had received from Goodman & Goodman, were part of the records at Gowlings. I reviewed the Declaration of Patrick A. Moran describing those materials and I agree with his statements.

5. When I left Gowlings, Centra and its affiliates continued as my clients for some time, but the files and all relevant materials were retained by Gowlings. When the files and materials were subsequently released, Mr. Cowan, then Managing Partner at



Gowlings, informed me that the whole record was photocopied and kept by the firm for future reference, if necessary.

6. I reviewed a letter of Mr. David Estrin, of Gowlings, dated September 14, 2006 to the Office of Commander. At page 10 of that letter, Estrin states "Gowlings has commissioned extensive historical and archival research with respect to the statutory and executive approvals granted by the Congress of the United States and the Parliament of Canada to the Ambassador Bridge, as well as in respect of the specific plans, drawings and right-of-way approved by officials of the federal government in the United States and Canada for the current Ambassador Bridge." Those documents would by necessity be included in the documents and materials that Gowlings had obtained from Centra during its representation of Centra relating to FIRA.

7. The Rules of Professional Conduct of the Law Society of Upper Canada contain provisions that preclude Gowlings from acting against the client Centra on the Application for construction of a second fixed highway bridge adjacent to the existing Ambassador Bridge. Directly applicable is Rule 2.04 (4) which prohibits a lawyer (or an affiliated lawyer) who has acted in a matter, from acting "in any related matter" or "save as provided by sub rule (5), in any new matter, if the lawyer has obtained from the other retainer relevant confidential information" unless the consent of Centra and its affiliates was obtained.

8. If called, I would testify to the foregoing before this Honorable Court.

Dated: March 12, 2007

Emilio S. Binavince