# EXHIBIT 4

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

    Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

    Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

| Attorneys for Plaintiffs: | Attorneys for Defendants: |
|---|---|
| Craig L. John (P27146) | Sharon M. Woods (P22342) |
| Thomas J. Murray (P56331) | Kevin Kalczynski (P57929) |
| Joseph A. Doerr (P66109) | Melonie M. Stothers (P65344) |
| Dykema Gossett PLLC | Barris, Sott, Denn & Driker, PLLC |
| 400 Renaissance Center | 211 West Fort Street, 15th Floor |
| Detroit, MI 48243 | Detroit, Michigan 48226 |
| Phone: (313) 568-6800 | Phone: (313) 965-9725 |
| Email: cjohn@dykema.com | Email: kkalczynski@bsdd.com |

---

## DECLARATION OF DALE HILL

Dale Hill, under penalty of perjury, states:

1. I have personal knowledge of the facts recited in this Declaration and I am competent to testify to them.

2. I am a Certified Management Accountant ("CMA"), which is similar to the Certified Public Accountant designation in the United States. I am not a lawyer.

3. Since May 17, 2005, I have been a partner in Gowling Lafleur Henderson, LLP's ("Gowlings") Tax Services Department. Previously, I worked for the Canadian Revenue Agency for 16 years. Since May 2005, I have worked in Gowlings' office in Ottawa.

4. I am also the national leader of Gowlings' Transfer Pricing and Competent Authority team. Transfer Pricing involves allocation of income between two different jurisdictions for tax reporting purposes.

5. Sometime in June 2005, I was contacted by Dan Stamper, President of the Canadian Transit Company ("CTC"). Mr. Stamper asked if Gowlings would be able to perform certain Tax and Transfer Pricing services for CTC (the "Tax Representation").

6. Gowlings agreed to perform the Tax Representation and on June 27, 2005, I transmitted an engagement letter to Mr. Stamper (the "Engagement Letter"). A copy of Engagement Letter is attached to Defendants' Brief in Support of Their Motion for Summary Judgment as Exhibit 9. The Engagement Letter accurately outlines the scope of the Tax Representation.

7. When I opened the Tax Representation file, I initiated Gowlings' standard

2

conflict search, which involved searching Gowlings' client-matter database. The search, using the terms "Dan Stamper", "Canadian Transit Company", and "Detroit International Bridge Company," revealed that CTC and DIBC were either current or former clients of the firm. The search did not reveal that Gowlings was representing any clients adverse to Stamper, CTC or DIBC.

8. While I have been unable to locate a copy of the Engagement Letter signed by Mr. Stamper, Gowlings and CTC performed as if the Engagement Letter governed the Tax Representation. For example, Gowlings billed at the rates outlined in the Engagement Letter, and CTC paid in accordance with the requirements of the Engagement Letter.

9. The Tax Representation primarily involved determining how income from the operations of the Ambassador Bridge should be allocated between CTC and CTC's United States affiliate, Detroit International Bridge Company ("DIBC"), for purposes of tax reporting to the Canadian government. DIBC was represented by Deloitte & Touche concerning income allocation from bridge operations for purposes of tax reporting to the United States government.

10. Between June 2005 and November 2006, Gowlings performed the Tax Representation in accordance with the Engagement Letter.

11. Several months after Gowlings was retained for the Tax Representation, representatives of CTC advised me in passing that it was considering several different options related to expanding or twinning the existing Ambassador Bridge (the "Bridge Plan"). That information was not relevant to my work on the Tax Representation, and the

3.

details of the Bridge Plan was never discussed with me.

12. Until the week of September 18, 2006, I was unaware that the City of Windsor, through David Estrin, another Gowlings' partner, had taken actions to oppose the Bridge Plan. Mr. Estrin is based in Gowlings' Toronto office and works in Gowlings' Environmental, Real Estate and Urban Development Department. I am based in Gowlings' Ottawa office and I work in Gowlings' Tax Service Department. During the week of September 18, 2006, I was contacted by Centra representatives who advised me that Mr. Estrin was representing Windsor in opposition to the Bridge Plan.

13. Until a social gathering on September 28, 2006, I had never heard of or met Mr. Estrin. I have never had any contact with him about his representation of Windsor in opposition to the Bridge Plan, the Tax Representation, or any other professional matters. I have never received or reviewed any information related to Mr. Estrin's representation of Windsor in opposition to the Bridge Plan.

14. I am familiar with all aspects of the Tax Representation and it is unrelated to any plan to expand or twin the Ambassador Bridge.

Pursuant to 28 U.S.C. § 1746(1), I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January ___, 2007.

_____
Dale Hill

328534.02