UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

   Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

   Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**DEFENDANT GOWLING LAFLEUR HENDERSON LLP'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND NOTICE OF INTENT UNDER FED. R. CIV. P. 44.1 TO RELY ON FOREIGN LAW**

Gowling Lafleur Henderson LLP ("Gowlings"), for its answer to plaintiffs' first amended complaint, states:

### Parties, Jurisdiction and Venue

1. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Gowlings admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph is vague and states a legal conclusion to which no response is required. To the extent a response is required to the allegations in the second sentence of this paragraph, Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Gowlings denies that it or Estrin are liable for any damages to plaintiffs.

3. Admit.

4. Gowlings admits that it currently acts as counsel for the City of Windsor. The remaining allegations in this paragraph state legal conclusions to which no response is required. The allegations are also vague. To the extent a response is required, Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Gowlings denies that the Court has jurisdiction over all parties. Gowlings lacks knowledge or information sufficient to form a belief as to the allegation that there is complete diversity among the parties. Gowlings denies that the amount in controversy

exceeds $75,000 because plaintiffs have not been damaged and therefore that allegation is untrue. Gowlings further answers that plaintiffs seek injunctive relief effectively enjoining the City of Windsor from using the Canadian counsel of its choice. Any such injunctive relief from this Court would not be enforceable in Canada.

6.  Gowlings denies that Estrin is subject to personal jurisdiction in this District. Gowlings admits that it is a Canadian limited liability partnership and that Estrin is a Canadian citizen. Gowlings is not contesting personal jurisdiction in this District, although the injunctive relief sought by plaintiffs from this Court would not be enforceable in Canada. Gowlings otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**General Allegations**

7.  Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.  Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.  To the extent that Plaintiffs allege that Gowlings, Centra and DIBC have maintained a continuous lawyer-client relationship for the past 30 years, Gowlings denies the allegation as untrue. Gowlings admits that since approximately 1985, Gowlings has, from time-to-time, represented predecessors or affiliates of Centra or DIBC on specific, discrete matters. Gowlings otherwise denies the remaining allegations in this paragraph

as untrue.

10.     The allegations in this paragraph are vague and Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11.     Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12.     Gowlings denies the allegations in this paragraph as untrue.

13.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, Gowlings denies that Gowlings and DIBC have a current lawyer-client relationship.  Gowlings admits that DIBC is a former client of Gowlings, and therefore, Gowlings owes certain professional duties to DIBC.  Gowlings denies the existence of any duties to, or any relationship with, DIBC inconsistent with the foregoing.

14.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent that an answer is required, Gowlings denies that Gowlings and DIBC have a current lawyer-client relationship.  Gowlings admits that DIBC is a former client of Gowlings, and therefore, Gowlings owes certain professional duties to DIBC.  Gowlings denies the existence of any duties to, or any relationship with, DIBC inconsistent with the foregoing.

15.     Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

3

16. Gowlings admits that DIBC has been developing plans to add a bridge crossing next to the current Ambassador Bridge. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Gowlings admits that Gowlings was retained to investigate Canadian tax planning issues with respect to structuring a portion of a bond offering in Canada. Gowlings denies the remaining allegations in this paragraph as untrue.

19. Gowlings admits that Gowlings has met with representatives of plaintiffs in Warren, Michigan to discuss Canadian tax planning issues with respect to structuring a portion of a bond offering in Canada. Gowlings denies the remaining allegations in this paragraph as untrue.

20. The allegations in this paragraph are vague and Gowlings denies them as untrue.

21. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Gowlings denies the allegations in this paragraph as untrue.

23. Gowlings admits that it was retained by Windsor regarding border traffic issues, which included monitoring various border crossing proposals, including CTC and

DIBC's proposed Span. Among other activities in connection with that representation, Gowlings presented comments to the United States Coast Guard regarding a permit requested by DIBC and objected to the United States Coast Guard's preliminary determination that CTC and DIBC's Application for Approval of Location and Plans for Construction of a Second Fixed Highway Bridge Over a Navigable Waterway was entitled to a categorical exclusion under the National Environmental Policy Act. Gowlings has taken other actions on behalf of Windsor opposing the Second Span.

24. Gowlings denies the allegations in this paragraph as untrue.

25. Gowlings admits that, on September 14, 2006, Estrin submitted a letter (the "Letter") to the United States Coast Guard on behalf of Windsor. To the extent that the allegations in this paragraph characterize the Letter in a manner inconsistent with its express language, Gowlings denies those allegations as untrue.

26. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with its express language, Gowlings denies those allegations as untrue. Gowlings otherwise denies the allegations in this paragraph as untrue.

27. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with the express language of the Letter, Gowlings denies those allegations as untrue.

28. To the extent that the allegations in this paragraph attempt to characterize

the Letter in a manner inconsistent with the express language of the Letter, Gowlings denies those allegations as untrue

29. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with the express language of the Letter, Gowlings denies those allegations as untrue

30. Gowlings denies the allegations in this paragraph as untrue.

31. Gowlings denies the allegations in this paragraph as untrue.

32. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Gowlings denies the allegations in this paragraph as untrue.

33. Gowlings denies the allegations in this paragraph as untrue.

34. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Gowlings admits that Estrin attended a meeting on Windsor's behalf with the United States Coast Guard on November 21, 2006. Gowlings denies the remaining allegations in this paragraph as untrue.

37. Gowlings admits that DIBC attended a meeting with the United States Coast Guard on November 21, 2006. Gowlings lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

38. Gowlings denies the allegations in this paragraph as untrue.

39. Gowlings lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### Count I – Breach of Contract

40. Gowlings restates the previous paragraphs of this answer here.

41. Gowlings admits that it has only those professional obligations imposed by law and the June 27, 2005 engagement letter between Gowlings and CTC. Gowlings otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Gowlings admits that one or both plaintiffs have paid fees to Gowlings. Gowlings denies the remaining allegations in this paragraph as untrue.

43. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Gowlings denies the allegations in this paragraph as untrue.

44. Gowlings denies the allegations in this paragraph as untrue.

45. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Gowlings denies the allegations in this paragraph as untrue.

46. Gowlings denies the allegations in this paragraph as untrue.

WHEREFORE, Gowlings respectfully requests dismissal of the first amended complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

### Count II – Breach of Fiduciary Duties

47. Gowlings restates the previous paragraphs of this answer here.

48. Gowlings denies that, at all times relevant to this claim, Gowlings represented plaintiffs because that allegation is untrue. Gowlings admits that when Gowlings had a lawyer-client relationship with plaintiffs, Gowlings owed duties to plaintiffs consistent with that relationship. Gowlings admits that plaintiffs are former clients of Gowlings, and therefore, Gowlings owes certain professional duties to plaintiffs. Gowlings denies the existence of any duties beyond those created by the lawyer-client relationship. The remaining allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Gowlings denies the remaining allegations in this paragraph as untrue.

49. Gowlings denies the allegations in this paragraph as untrue.

50. Gowlings admits that during the times Gowlings had a lawyer-client relationship with plaintiffs, Gowlings owed duties to plaintiffs consistent with that relationship. Gowlings denies the existence of any duties beyond those created by the lawyer-client relationship.

51. Gowlings admits that during the times Gowlings had a lawyer-client

relationship with plaintiffs, Gowlings owed duties to plaintiffs consistent with that relationship. Gowlings denies the existence of any duties beyond those created by the lawyer-client relationship. This answer applies to paragraphs 51(a) and (b).

52. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Gowlings denies the allegations in this paragraph as untrue. This answer applies to paragraphs 52(a)-(e).

53. Gowlings denies the allegations in this paragraph as untrue.

WHEREFORE, Gowlings respectfully requests dismissal of the first amended complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

### Count III – Legal Malpractice

54. Gowlings restates the previous paragraphs of this answer here.

55. Gowlings denies that Plaintiffs and Gowlings currently have an attorney-client relationship because that allegation is untrue.

56. Gowlings denies that plaintiffs and Gowlings currently have an attorney-client relationship. Therefore, Gowlings denies the allegations in this paragraph as untrue.

57. Gowlings denies the allegations in this paragraph as untrue.

58. Gowlings denies the allegations in this paragraph as untrue

WHEREFORE, Gowlings respectfully requests dismissal of the first amended

complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

          Respectfully submitted,

          BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

          By:   /s/ Kevin Kalczynski
                 Sharon M. Woods (P22542)
                 Todd R. Mendel (P55447)
                 Kevin Kalczynski (P57929)
                 Melonie L. M. Stothers (P65344)
          Attorneys for Gowling Lafleur Henderson LLP
          211 West Fort St., 15th Floor
          Detroit, Michigan 48226
          (313) 965-9725
          Email: kkalczynski@bsdd.com

Date: October 6, 2008

## AFFIRMATIVE DEFENSES

Gowling Lafleur Henderson LLP ("Gowlings"), for its affirmative defenses, states:

1. The first amended complaint fails to state a claim upon which relief can be granted.

2. The first amended complaint's claims are barred because the alleged damages were not proximately caused by any act or omission of Gowlings.

3. The first amended complaint's claims are barred by the doctrines of laches, waiver and/or estoppel.

4. The first amended complaint's claims are barred because plaintiffs knowingly assumed the risk.

5. The first amended complaint's claims are barred by plaintiffs' unclean hands.

6. The first amended complaint's claims are barred by plaintiffs' consent to the complained of actions.

7. The first amended complaint's claims are barred by the doctrine of *volenti non fit injuria* (no injury is done to a person who consents).

8. The first amended complaint's claims are barred by contributory and/or comparative fault.

9. The first amended complaint's claims are barred because plaintiffs have not suffered any damages.

10. The first amended complaint's claims are barred because none of plaintiffs' confidential or secret information has been disclosed.

11. The first amended complaint's claims for equitable relief are barred because plaintiffs have not suffered any irreparable harm.

12. The first amended complaint's claims against Estrin are barred because the Court does not have personal jurisdiction over him.

13. The first amended complaint's claims are barred due to a failure to join an indispensable party under Rule 19.

14. The injunction being sought from this United States District Court prohibiting a Canadian law firm from representing a Canadian governmental entity in Canada is not enforceable in Canada. This Court cannot and should not issue an unenforceable order.

15. Plaintiffs do not meet the requirements for injunctive relief.

16. Alleged violations of Michigan or Canadian ethics rules are not a basis for liability suits against attorneys.

17. Gowlings reserves the right to amend its answer and assert other affirmative defenses which may become known to them.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
     Sharon M. Woods (P22542)
     Todd R. Mendel (P55447)
     Kevin Kalczynski (P57929)
     Melonie L. M. Stothers (P65344)
Attorneys for Gowling Lafleur Henderson LLP
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date: October 6, 2008

13

## NOTICE OF INTENT UNDER FED. R. CIV. P. 44.1
## TO RELY ON FOREIGN LAW

Gowling Lafleur Henderson LLP, pursuant to Fed. R. Civ. P. 44.1, hereby gives notice that it intends to raise one or more issues about Canadian law in this proceeding.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
Sharon M. Woods (P22542)
Todd R. Mendel (P55447)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Attorneys for Gowling Lafleur Henderson LLP
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date: October 6, 2008

f:\docsopen\kkalczynski\l-ans\0352164.03

14

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I electronically filed **Defendant Gowling Lafleur Henderson LLP's Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Notice of Intent under Fed. R. Civ. P. 44.1 to Rely on Foreign Law** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Joseph A. Doerr (doerr@dykema.com); Craig L. John (cjohn@dykema.com); and Thomas J. Murray (tmurray@dykema.com). There are no manual recipients.

Parties may access this filing through the Court's system.

                                                  BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
     Sharon M. Woods (P22542)
     Todd R. Mendel (P55447)
     Kevin Kalczynski (P57929)
     Melonie L. M. Stothers (P65344)
Attorneys for Gowling Lafleur Henderson LLP
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

f:\docsopen\kkalczynski\l-cert\0329890.04