UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**DEFENDANT DAVID ESTRIN'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND NOTICE OF INTENT UNDER FED. R. CIV. P. 44.1 TO RELY ON FOREIGN LAW**

David Estrin ("Estrin"), for his answer to plaintiffs' first amended complaint, states:

**Parties, Jurisdiction and Venue**

1. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

2. Estrin admits the allegations in the first sentence of this paragraph. The second sentence of this paragraph is vague and states a legal conclusion to which no response is required. To the extent a response is required to the allegations in the second sentence of this paragraph, Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations. Estrin denies that he or Gowling Lafleur Henderson LLP ("Gowlings") are liable for any damages to plaintiffs.

3. Admit.

4. Estrin admits that Gowlings currently acts as counsel for the City of Windsor. The allegations in this paragraph state legal conclusions to which no response is required. The allegations are also vague. To the extent a response is required, Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

5. Estrin denies that the Court has jurisdiction over him. Estrin lacks knowledge or information sufficient to form a belief as to the allegation that there is complete diversity among the parties. Estrin denies that the amount in controversy exceeds $75,000 because plaintiffs have not been damaged and therefore that allegation is

1

untrue. Estrin further answers that plaintiffs seek injunctive relief effectively enjoining the City of Windsor from using the Canadian counsel of its choice. Any such injunctive relief from this Court would not be enforceable in Canada.

6. Estrin denies that he is subject to personal jurisdiction in this District. Estrin admits that he is a Canadian citizen. Estrin is contesting personal jurisdiction in this District, and the injunctive relief sought by plaintiffs from this Court would not enforceable in Canada. Estrin otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## General Allegations

7. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Estrin lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

13. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14. The allegations in this paragraph state legal conclusions to which no response is required. To the extent that an answer is required, Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

15. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Estrin admits that DIBC has been developing plans to add a bridge crossing next to the current Ambassador Bridge. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

17. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Estrin admits that after he sent the letter attached as Ex. A to plaintiffs' first amended complaint to the U.S. Coast Guard, he learned that Gowlings had been retained by Canadian Transit Company ("CTC") with respect to Canadian tax issues. Estrin denies the remaining allegations in this paragraph as untrue.

19. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23. Estrin admits that Gowlings was retained by Windsor regarding border traffic issues, which included monitoring various border crossing proposals, including CTC and DIBC's proposed Span. Among other activities in connection with that representation, Gowlings presented comments to the United States Coast Guard regarding a permit requested by DIBC and objected to the United States Coast Guard's preliminary determination that CTC and DIBC's Application for Approval of Location and Plans for Construction of a Second Fixed Highway Bridge Over a Navigable Waterway was entitled to a categorical exclusion under the National Environmental Policy Act. Gowlings has taken other actions on behalf of Windsor opposing the Second Span.

24. Estrin denies the allegations in this paragraph as untrue.

25. Estrin admits that, on September 14, 2006, he submitted a letter (the "Letter") to the United States Coast Guard on behalf of Windsor. To the extent that the allegations in this paragraph characterize the Letter in a manner inconsistent with its express language, Estrin denies those allegations as untrue.

26. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with its express language, Estrin denies those allegations as untrue. Estrin otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with the express language of the Letter, Estrin denies those allegations as untrue.

28. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with the express language of the Letter, Estrin denies those allegations as untrue

29. To the extent that the allegations in this paragraph attempt to characterize the Letter in a manner inconsistent with the express language of the Letter, Estrin denies those allegations as untrue

30. Estrin denies the allegations in this paragraph as untrue.

31. Estrin denies the allegations in this paragraph as untrue.

32. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Estrin denies the allegations in this paragraph as untrue.

33. Estrin denies the allegations in this paragraph as untrue.

34. Estrin lacks knowledge or information sufficient to form a belief as to the

truth of the allegations.

35. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

36. Estrin admits that he attended a meeting on Windsor's behalf with the United States Coast Guard on November 21, 2006. Estrin denies the remaining allegations in this paragraph as untrue.

37. Estrin admits that DIBC attended a meeting with the United States Coast Guard on November 21, 2006. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

38. Estrin denies the allegations in this paragraph as untrue.

39. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

**Count I – Breach of Contract**

40. Estrin restates the previous paragraphs of this answer here.

41. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Estrin denies the allegations in

this paragraph as untrue.

44. Estrin denies the allegations in this paragraph as untrue.

45. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46. Estrin denies the allegations in this paragraph as untrue.

WHEREFORE, Estrin respectfully requests dismissal of the first amended complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

## Count II – Breach of Fiduciary Duties

47. Estrin restates the previous paragraphs of this answer here.

48. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. Estrin lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. Estrin admits that during the times Gowlings had a lawyer-client relationship with plaintiffs, Gowlings owed duties to plaintiffs consistent with that relationship. Estrin denies the existence of any duties beyond those created by the lawyer-client relationship.

51. Estrin admits that during the times Gowlings had a lawyer-client

relationship with plaintiffs, Gowlings owed duties to plaintiffs consistent with that relationship. Estrin denies the existence of any duties beyond those created by the lawyer-client relationship. This answer applies to paragraphs 51(a) and (b).

52. The allegations in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Estrin denies the allegations in this paragraph as untrue. This answer applies to paragraphs 52(a)-(e).

53. Estrin denies the allegations in this paragraph as untrue.

WHEREFORE, Estrin respectfully requests dismissal of the first amended complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

## Count III – Legal Malpractice

54. Estrin restates the previous paragraphs of this answer here.

55. Estrin denies that plaintiffs and Gowlings currently have an attorney-client relationship because that allegation is untrue.

56. Estrin denies that plaintiffs and Gowlings currently have an attorney-client relationship. Therefore, Estrin denies the allegations in this paragraph as untrue.

57. Estrin denies the allegations in this paragraph as untrue.

58. Estrin denies the allegations in this paragraph as untrue.

WHEREFORE, Estrin respectfully requests dismissal of the first amended complaint and a judgment in its favor together with all further legal or equitable relief to which it is entitled.

>Respectfully submitted,
>
>BARRIS, SOTT, DENN & DRIKER, P.L.L.C.
>
>By: /s/ Kevin Kalczynski
>   Sharon M. Woods (P22542)
>   Todd R. Mendel (P55447)
>   Kevin Kalczynski (P57929)
>   Melonie L. M. Stothers (P65344)
>Attorneys for David Estrin
>211 West Fort St., 15th Floor
>Detroit, Michigan 48226
>(313) 965-9725
>Email: kkalczynski@bsdd.com

Date: October 6, 2008

## AFFIRMATIVE DEFENSES

David Estrin ("Estrin"), for his affirmative defenses, states:

1. The first amended complaint fails to state a claim upon which relief can be granted.

2. The first amended complaint's claims are barred because the alleged damages were not proximately caused by any act or omission of Estrin.

3. The first amended complaint's claims are barred by the doctrines of laches, waiver and/or estoppel.

4. The first amended complaint's claims are barred because plaintiffs knowingly assumed the risk.

5. The first amended complaint's claims are barred by plaintiffs' unclean hands.

6. The first amended complaint's claims are barred by plaintiffs' consent to the complained of actions.

7. The first amended complaint's claims are barred by the doctrine of *volenti non fit injuria* (no injury is done to a person who consents).

8. The first amended complaint's claims are barred by contributory and/or comparative fault.

9. The first amended complaint's claims are barred because plaintiffs have not suffered any damages.

10. The first amended complaint's claims are barred because none of plaintiffs' confidential or secret information has been disclosed.

11. The first amended complaint's claims for equitable relief are barred because plaintiffs have not suffered any irreparable harm.

12. The first amended complaint's claims against Estrin are barred because the Court does not have personal jurisdiction over him.

13. The first amended complaint's claims are barred due to a failure to join an indispensable party under Rule 19.

14. The injunction being sought from this United States District Court prohibiting a Canadian law firm and a Canadian lawyer from representing a Canadian governmental entity in Canada is not enforceable in Canada. This Court cannot and should not issue an unenforceable order.

15. Plaintiffs do not meet the requirements for injunctive relief.

16. Alleged violations of Michigan or Canadian ethics rules are not a basis for liability suits against attorneys.

17. Estrin reserves the right to amend its answer and assert other affirmative defenses which may become known to him.

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
    Sharon M. Woods (P22542)
    Todd R. Mendel (P55447)
    Kevin Kalczynski (P57929)
    Melonie L. M. Stothers (P65344)
Attorneys for David Estrin
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date: October 6, 2008

## NOTICE OF INTENT UNDER FED. R. CIV. P. 44.1
## TO RELY ON FOREIGN LAW

David Estrin, pursuant to Fed. R. Civ. P. 44.1, hereby gives notice that he intends to raise one or more issues about Canadian law in this proceeding.

        Respectfully submitted,

        BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By:   /s/ Kevin Kalczynski
        Sharon M. Woods (P22542)
        Todd R. Mendel (P55447)
        Kevin Kalczynski (P57929)
        Melonie L. M. Stothers (P65344)
Attorneys for David Estrin
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

Date: October 6, 2008

f:\docsopen\kkalczynski\l-ans\0361649.02

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2008, I electronically filed **Defendant David Estrin's Answer to Plaintiffs' First Amended Complaint, Affirmative Defenses, and Notice of Intent under Fed. R. Civ. P. 44.1 to Rely on Foreign Law** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Joseph A. Doerr (doerr@dykema.com); Craig L. John (cjohn@dykema.com); and Thomas J. Murray (tmurray@dykema.com). There are no manual recipients.

Parties may access this filing through the Court's system.

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
Sharon M. Woods (P22542)
Todd R. Mendel (P55447)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Attorneys for Gowling Lafleur Henderson LLP
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

f:\docsopen\kkalczynski\l-cert\0329890.03