UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation
and DETROIT INTERNATIONAL
BRIDGE COMPANY, a Michigan
Corporation,

        Plaintiffs,

-vs-

DAVID ESTRIN, Individually, and
GOWLING LAFLEUR HENDERSON
LLP, a Canadian Limited Liability
Partnership,

        Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

---

**DEFENDANTS' MOTION IN LIMINE TO PROHIBIT ANY
TESTIMONY OR EVIDENCE REGARDING THE CONTENT
OF THE GOODMAN MEMO AND BRIEF IN SUPPORT**

## MOTION

Defendants seek an order prohibiting plaintiffs from introducing any testimony or evidence regarding the content of the Goodman Memo during the upcoming evidentiary hearing unless the complete original (including attachments) or a copy is produced to the defendants before the hearing and properly authenticated by admissible testimony. In the absence of the original or a copy of the Goodman Memo, testimony describing its content violates the best evidence rule (F.R.E. 1002) unless an exception to that rule applies. Here, plaintiffs have not suggested that any exception to the best evidence rule applies.

Pursuant to L.R. 7.1, defendants' counsel sought concurrence from plaintiffs' counsel in this motion, and explained the nature of this motion and its legal basis. Plaintiffs' counsel did not concur in the relief sought by the motion.

# BRIEF

## STATEMENT OF THE ISSUE PRESENTED

Federal Rule of Evidence 1002 provides that, in order to prove the content of a writing, the original must be produced unless an exception to that rule applies. Here, plaintiffs propose to submit testimony regarding the content of the so-called "Goodman Memo" without producing the original or even a copy of that memo. Should secondary evidence regarding the content of the Goodman Memo be prohibited under F.R.E. 1002?

Plaintiffs answer: No

Defendants answer: Yes

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Evidence 1002

*United States v Marshall*, 762 F.2d 419, 425-426 (5th Cir. 1985)

I.   **FACTS**

Plaintiffs claim that the Goodman Memo compiled all of the public and private documents that the Goodman law firm believed to be relevant to the defense of DIBC, CTC, Centra and Central Cartage Co. (collectively "Centra") in the "FIRA litigation." (Ex. 1, Moran Decl. ¶ 4). FIRA is an acronym for Foreign Investment Review Act of Canada. That act was repealed in 1985. (Ex. 7, C.20 1985). The FIRA litigation arose from the Canadian government's claimed right to review transactions proposed by Centra and others in the late 1970's and 1980's that would have changed the ownership structure of CTC, which is a Canadian business enterprise. *Attorney General of Canada v. Central Cartage Company*, 10 F.T.R. 225, 225-227. Initially, the Canadian government disallowed the proposed transactions (*id.*), but eventually the FIRA litigation was settled. (Ex. 1, ¶ 1). The FIRA litigation generally has little or no bearing on the issues involved in the injunction proceeding.

Twenty three years ago, in 1985, Centra retained Gowlings to replace the Goodman firm in the FIRA litigation. [Docket No 59, Plaintiffs' Brief In Support of Motion for Preliminary Injunction, ¶ 3]. Mr. Moran claims that he thereafter delivered the Goodman Memo to Gowlings. (Ex. 1, ¶ 11). The primary Gowlings attorneys who worked on the FIRA litigation were Gordon Henderson, Emilio Binavince, and Ron Lunau. (Ex. 1, ¶¶ 7-8 and Ex. 2, Lunau Decl., ¶¶ 6-7). Mr. Henderson is now deceased, Mr. Binavince left Gowlings 17 years ago, and Mr. Lunau is still at Gowlings, but he has no recollection of the

Goodman Memo described by Mr. Moran or any other similar document. (Ex. 2, ¶¶ 6, 11, 12, [Docket No. 59, ¶ 3]).

According to plaintiffs, Gowlings involvement in the FIRA litigation ended in about 1991, when Mr. Binavince left Gowlings. [Docket No. 59, ¶ 3]. Thereafter, Gowlings' FIRA file was released to him. (Ex. 2, ¶ 12, Ex. 3, Binavince Decl., ¶ 5).

In this case, plaintiffs have previously submitted testimony via declaration describing the content of the Goodman Memo, but plaintiffs have never produced a copy of the memo, much less the original. (Ex. 1, ¶¶ 13-14).[1] Plaintiffs have also alleged that, David Estrin relied on plaintiffs' confidential information when he wrote to the U.S. Coast Guard on behalf of Windsor advocating for heightened environmental scrutiny of plaintiffs' plan to build a second bridge. [Docket No. 5, First Amended Complaint, ¶ 30]. Plaintiffs have implied that the confidential information Estrin allegedly relied on came from the Goodman Memo. (Ex. 1, ¶¶ 17-18, Ex. 3, ¶ 6). Estrin denies that he has ever seen or used any of plaintiffs' confidential information. (Ex. 6, Estrin Decl., ¶¶ 20, 27).

---

[1]Defendants served their first set of document requests on plaintiffs on October 22, 2008. (Ex. 5, Plaintiffs' Response to Defendants' First Set of Document Requests). Defendants' first document request specifically requested the "Goodman Legal Memorandum" described in Mr. Moran's declaration. *Id.* Defendants objected to the document request and refused to produce the Goodman Memo. *Id.* Because plaintiffs have refused to produce the Goodman Memo, they should not be allowed to present testimony or evidence regarding its content during the evidentiary hearing. *United States v. Marshall*, 762 F.2d 419, 425-426 (5th Cir. 1985) (district court should have sustained objection under F.R.E. 1002 to admissibility of testimony regarding content of document when document was not introduced into evidence).

## II. ARGUMENT

The best evidence rule provides that, in order to prove the content of a writing, the original must be produced:

> To prove the content of a writing, recording or photograph, the original writing, recording or photograph is required, except as otherwise provided in these rules or by Act of Congress. FRE 1002.[2]

There are several justifications for this rule. First, testimony regarding the content of a document is susceptible to human error. *See Weinstein's Federal Evidence*, § 1002.03[1]. Second, the availability of the original dampens any desire to color testimony as to the content of a document. *Id.* Third, the original may provide clues to authenticity that copies do not. *Id.*

The best evidence rule applies "when a witness seeks to testify about the contents of a writing . . . without producing the physical item itself, particularly when the witness was not privy to the events described by those contents." *Id.* at § 1002.05[1] *citing* Advisory Committee Note to Rule 1002.

There are exceptions to the best evidence rule, but none of those exceptions apply here.

First, an original is not necessary if the original has been destroyed. F.R.E.1004(1).

---

[2]A duplicate may also be introduced into evidence unless there a genuine question as to the authenticity of the original or it would be unfair to admit a duplicate under the circumstances. F.R.E. 1003. Defendants reserve all evidentiary objections in the event plaintiffs produce a duplicate of the Goodman Memo.

According to Mr. Binavince, Gowlings' FIRA file was released to him. (Ex. 3, ¶ 5).[3] Mr. Binavince has not provided any testimony that the original Goodman Memo has been destroyed. Therefore, plaintiffs have not established that this exception applies.

Second, an original is not necessary if it cannot be obtained by available judicial process or procedure. F.R.E. 1004(2). Here, Mr. Binavince, plaintiffs' former attorney, was given the original sometime in the early 1990s. (Ex. 3, ¶ 5). Under Canadian law, the Goodman Memo is plaintiffs' property, and Mr. Binavince would be required to provide it to plaintiffs upon request. *Aggio v. Rosenberg*, (1981), 24 C.P.C. 7. 11-13 (Ont. Master). Therefore, plaintiffs have not established that the original is unavailable.

Third, the original is not required if it is in the possession of the opposing party. F.R.E. 1004(3). But Mr. Binavince has conceded that Gowlings' FIRA files were released to him. (Ex. 3, ¶ 5). And defendants have submitted evidence that they have been unable to locate the 17-year old FIRA file. (Ex. 4). Therefore, this exception does not apply.

Fourth, the original is not required if is not closely related to a controlling issue. F.R.E. 1004(4). Here, plaintiffs suggest that the content of Estrin's September 2006 letter to the Coast Guard was derived, in part, from the Goodman Memo. (Ex. 1, ¶¶ 17-18, Ex. 3, ¶ 6). The implication is that Estrin used plaintiff's confidential information from the Goodman Memo against them, and that plaintiffs have therefore suffered tangible – as

---

[3] Mr. Binavince contends that, when Gowlings' FIRA file was released to him after he left Gowlings in 1991, the then managing partner of Gowlings indicated that Gowlings had photocopied the file. (Ex. 3, ¶ 5). However, subsequent searches by Gowlings in 2006 were unable to locate the FIRA file. (Ex. 4, Supplemental Hill Decl.).

7

opposed to purely theoretical – harm arising from Gowlings' prior representation of plaintiffs and current representation of Windsor. Therefore, the Goodman Memo goes right to the heart of one of the key issues at the upcoming hearing – namely, whether plaintiffs have suffered any harm, let alone the irreparable harm required to support a preliminary injunction. So, the Goodman Memo goes to an important issue and the exception in F.R.E. 1004(4) does not apply.[4]

Finally, the nature of plaintiffs' claim makes the exact content of the Goodman Memo important. Without the original, it will be impossible to accurately compare the content of the Goodman Memo with the content of Estrin's letter to the Coast Guard to test plaintiffs' claim that Estrin's letter was based on information in the Goodman Memo. *See Weinstein's Federal Evidence*, § 1002.04[1] ("In general, production of the original of a writing . . . is required because the nature of [the writing] is often such that 'exactness' is of more than average importance.") Here, the "exactness" of the content of the Goodman Memo is critically important, given the nature of plaintiffs' claim.

### III. CONCLUSION

In sum, allowing any testimony regarding the content of the Goodman Memo would violate F.R.E. 1002. Moreover, it would be entirely unfair to allow a party to introduce

---

[4]Even if an exception applied, secondary evidence regarding the content of the Goodman Memo would have to be independently admissible. *See U.S. v. Wells*, 262 F.3d 455, 459-462 (5th Cir. 2001) (testimony regarding content of documents prepared by someone else years earlier and destroyed soon thereafter was not admissible as secondary evidence of destroyed business records). If an exception applies, defendants reserve all evidentiary objections, including hearsay, to secondary evidence regarding the content of the Goodman Memo.

testimony about the content of a document while at the same time refusing to produce it to the other side. Therefore, the Court should enter an order prohibiting any testimony or evidence regarding the content of the Goodman Memo unless plaintiffs produce and authenticate the complete original (including attachments) or a copy of the same.

                         Respectfully submitted,

                         BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

                         By:   /s/ Kevin Kalczynski
                                Sharon M. Woods (P22542)
                                Todd R. Mendel (P55447)
                                Kevin Kalczynski (P57929)
                                Melonie L. M. Stothers (P65344)
                         Attorneys for Defendants
                         211 West Fort St., 15th Floor
                         Detroit, Michigan 48226
                         (313) 965-9725
                         Email: kkalczynski@bsdd.com

Date: January 5, 2009

f:\docsopen\kkalczynski\l-brf\0366764.01

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTRA, INC., a Delaware Corporation and
DETROIT INTERNATIONAL BRIDGE
COMPANY, a Michigan Corporation,

    Plaintiffs,

-vs-

DAVID ESTRIN, individually, and
GOWLING LAFLEUR HENDERSON LLP,
a Canadian Limited Liability Partnership,

    Defendants.

Case No. 06-15185

Hon. Nancy G. Edmunds

Magistrate Judge Steven R. Whalen

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2009, I electronically filed **(1) Defendants' Motion in Limine to Prohibit any Testimony or Evidence Regarding the Content of the Goodman Memo and Brief in Support; and (2) this Certificate of Service** with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Joseph A. Doerr (doerr@dykema.com); Craig L. John (cjohn@dykema.com); and Thomas J. Murray (tmurray@dykema.com). There are no manual recipients.

Parties may access this filing through the Court's system.

BARRIS, SOTT, DENN & DRIKER, P.L.L.C.

By: /s/ Kevin Kalczynski
Sharon M. Woods (P22542)
Todd R. Mendel (P55447)
Kevin Kalczynski (P57929)
Melonie L. M. Stothers (P65344)
Attorneys for Gowling Lafleur Henderson LLP
211 West Fort St., 15th Floor
Detroit, Michigan 48226
(313) 965-9725
Email: kkalczynski@bsdd.com

f:\docsopen\kkalczynski\l-cert\0329890.11